Robert G. TROUTT and Janette M. TROUTT, Husband
and Wife, and Q. Byrum HURST, Jr. and Rita HURST,
Husband and Wife *v.* FIRST FEDERAL SAVINGS &
LOAN ASS'N OF HOT SPRINGS, Hot Springs, Arkansas,
Joined by David E. WHITED and
Bonnie C. WHITED, Husband and Wife

83-117                                                659 S.W.2d 183

Supreme Court of Arkansas
Opinion delivered October 31, 1983
[Rehearing denied November 21, 1983.*]

*Adkisson, C.J., not participating.

*Richard McMillan,* for appellant.

*Wood, Smith & Schnipper,* by: *Don M. Schnipper,* for appellee Whited.

*Glover, Sanders, Parkerson & Hargraves,* for appellee First Federal Savings and Loan Ass'n of Hot Springs.

STEELE HAYS, Justice. Two issues are raised by this appeal from a foreclosure decree: 1) whether appellants' note to First Federal Savings and Loan Association of Hot Springs providing for 12% interest is void for usury; and 2) whether excessive fees were allowed attorneys for the mortgagees. Neither question is new.

Appellants, Robert and Janette Troutt, executed two notes in October 1981 for the purchase of real property in Garland County. One note, secured by a first mortgage, was given to the savings and loan association and recited an interest rate of 12%. The second note, which is not in dispute, was given to the sellers, David and Bonnie Whited, and provided for 10% interest. The borrowers defaulted and this foreclosure suit was filed. The Chancellor rejected the contention that the 12% interest rate is usurious and we affirm.

Prior to the recent adoption of Amendment 60 to the Constitution of Arkansas, Article 19, Section 13 prohibited charging interest above an annual rate of 10%. However, the preemptive provisions of the Depository Institutions De-regulation and Monetary Control Act [12 U.S.C. § 1735f-7, Pub. L. No. 96-221, § 501, 94 Stat. 161 (1980)], permits interest at higher levels where the note is made after March 31, 1980, and is secured by a first mortgage on residental real property. Without citation, appellants maintain that where the loan is wholly intrastate in character, the borrowers and the lender being residents of Arkansas, the transaction is not within the regulatory power of the Congress. But that identical argument was examined thoroughly and rejected on rehearing in *McInnis* v. *Cooper Communities,* 271 Ark. 503, 611 S.W.2d 767 (1981), and while this court was sharply

divided on the issue, the law is now settled and warrants no reopening.

Nor can the second argument be sustained. In the foreclosure proceedings the Chancellor allowed fees of $7,366.00 to lawyers for the savings and loan association and $6,173.00 to lawyers for the Whiteds, on respective indebtednesses of $81,925.75 and $62,194.57. The fees were decidedly disproportionate to the amount of time shown to have been spent as of the entry of the decree, but we have recognized a number of elements besides time to be weighed in fixing fees. *Old Republic Insurance Co.* v. *Alexander,* 245 Ark. 1029, 436 S.W.2d 829 (1969) and *Farm Bureau Insurance Co.* v. *Kizziar,* 1 Ark. App. 84, 613 S.W.2d 401 (1981). We have said repeatedly that an award of attorney's fees addresses itself to the sound discretion of the trial court and will not be reversed in the absence of an abuse of discretion. *New Hampshire Insurance* v. *Quilantan,* 269 Ark. 359, 601 S.W.2d 836 (1980); *Equitable Life Insurance Society of the United States* v. *Rummell,* 257 Ark. 90, 514 S.W.2d 224 (1974).

In *Bowen* v. *Danna,* 276 Ark. 528, 637 S.W.2d 560 (1982), we affirmed a fee of $9,427.68, which was 10% of the unpaid principal and interest in a foreclosure suit, but in so doing we noted that appellant had made no attempt to show an abuse of discretion by the trial court (the record contained only the amount of the fee and the amount of the indebtedness). However, it should be said that simply because it is now customary to include a provision in the note for a 10% attorney's fee in the event of default, that should not lead to the arbitrary setting of fees based on fixed percentages. The 10% provision is to be regarded as a *ceiling* on the fee allowed, at least in the absence of extraordinary circumstances. Fees in such cases should not exceed an amount that is reasonable in each case.

The decree is affirmed.

ADKISSON, C.J., not participating.