**Phillip DRAPER, Rosemary Draper and James Rusk, Plaintiffs,**

v.

**CASTLE HOME SALES, INC. and C.I.T. Group/Sales Financing, Inc., Defendants.**

**No. LR-C-88-839.**

United States District Court, E.D. Arkansas, W.D.

May 15, 1989.

See also 711 F.Supp. 1501.

Stephen Bennett, North Little Rock, Ark., for plaintiffs.

John E. Tull, III, Little Rock, Ark., for defendants.

## ORDER

ROY, District Judge.

Before the Court are cross-motions for summary judgment filed by plaintiffs and defendant C.I.T. Group/Sales Financing, Inc. The responses have been filed and the matter is now ripe for determination.

Plaintiffs allege in the complaint that the contract entered into between plaintiffs and defendants was usurious under Amendment 60 to the Arkansas Constitution. In their motion, the defendant contends that the Arkansas law upon which plaintiffs rely in support of their claim has been preempted by federal law. Therefore, defendant argues that plaintiffs' claim based upon state law must fail. Defendant's motion is in the nature of a motion to dismiss for failure to state a claim upon which relief can be granted.

In plaintiffs' response, plaintiff does not make any argument that the federal laws have not been complied with, or that federal law does not apply for any reason other than the fact that the agreement included the sale of a refrigerator and range.

The Court discussed the issue of preemption in its Order dealing with the appropriateness of removal, since the Court had to determine whether a federal question which was raised as a defense could confer a basis for removal. As stated in that Order, the Court finds that Congress has attempted to completely preempt state usury laws which limit the amount of interest that can be charged on a federally-related loan secured on a residential manufactured home. *See* 12 U.S.C. § 1735f–7 and 12 C.F.R. § 590.3(a)(iii).

Plaintiff makes a novel argument that the preemption would apply only to mobile homes and not to a general sale of consumer items. Plaintiff states that since a refrigerator and range were included in the sale and are consumer items, preemption does not apply. Plaintiff argues that under *Grant v. General Electric Credit Corp.*, 764 F.2d 1404 (11th Cir.1985), *cert. denied*, 476 U.S. 1124, 106 S.Ct. 1993, 90 L.Ed.2d 673 (1986), when a financing agreement contains a term that is inconsistent with the Depository Institution Deregulation and Monetary Control Act, the state law is to apply and such a contract is not preempted. Plaintiff is referring to the reference in *Grant* to another case decided by the Eleventh Circuit.

In the other case, a panel of this Court had held that, although a contract need not contain express terms tracking the provisions of the statute or regulations to qualify for preemption, "a creditor cannot obtain the benefits of preemption if the financing agreement contains express provisions authorizing conduct *contrary* to the statute or regulations". *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067 (11th Cir.1984).

However, plaintiff has failed to show the Court how the inclusion of a refrigerator and range in the financing agreement is inconsistent with the Depository Institution

Deregulation and Monetary Control Act. The Act applies to residential manufactured homes, and it is not unreasonable to assume that appliances may be included in the sale of such a home. In fact, there are no unit prices listed separately for the refrigerator and range in the contract. There is one price listed as the price for the mobile home and the refrigerator and range. Plaintiffs have cited to no cases other than *Grant* in support of their position that the inclusion of the range and refrigerator have taken the contract out of the preemption doctrine. The Court is therefore not convinced that the inclusion of a refrigerator and range in the agreement should take the matter out of the preemption doctrine. Therefore, as was found in the Order entered regarding the removal of the case, the Court finds that the state law upon which plaintiffs rely has been preempted by federal law. Plaintiffs' claim under state law therefore fails.

Because of this holding, it is not necessary to address the arguments relating to the bankruptcy of Castle Home Sales.

The Court hereby finds that the plaintiff's complaint fails to state a claim upon which relief can be granted. Because of the nature of this holding, the claim fails as to defendant Castle Home Sales as well.

ORDERED.

See also 711 F.Supp. 1499.