**M. NAHAS CO., INC., Plaintiff,**

v.

**FIRST NATIONAL BANK OF HOT SPRINGS, Defendant.**

**Civ. No. 90–6022.**

United States District Court,
W.D. Arkansas,
Hot Springs Division.

June 8, 1990.

Phyllis J. Lemons and Donald M. Spears of Spears & Hopkins, Malvern, Ark., for plaintiff.

Robert S. Hargraves, Hargraves & McCrary, Hot Springs, Ark., for defendant.

## MEMORANDUM OPINION

OREN HARRIS, Senior District Judge.

M. Nahas & Co., Inc. (Plaintiff) originally filed this action in the Garland County Circuit Court on February 26, 1990, alleging First National Bank of Hot Springs (Defendant) violated the Arkansas usury law, specifically Amendment 60 to the Arkansas Constitution.

The complaint alleges that defendant loaned the plaintiff a sum of $400,000, evidenced by a note dated November 19, 1982, at an interest rate of 14.5% per annum. On June 26, 1985, the parties executed an extension agreement where payments were deferred for nine months with an interest rate of 14.5% per annum. At the time of the extension agreement, the highest interest rate allowable under Arkansas law was 12.5%. Plaintiff contends that the contract was usurious from June 26, 1985, when the extension agreement was entered into, to August 18, 1986, when an additional extension agreement was entered into lowering the interest rate to 9.5%.

Defendant filed a motion to dismiss on March 8, 1990, and plaintiff responded to the motion. Before an order on the motion was entered, defendant removed the case to this Court on March 26, 1990, pursuant to 28 U.S.C. §§ 1331, 1337(a), and 28 U.S.C. § 1441(b). Plaintiff has filed a motion to remand to Garland County Circuit Court. Defendant has responded to the motion and has filed a supplemental motion to dismiss. All motions are ripe for determination.

## I. MOTION TO REMAND

Defendant's notice of removal asserts that this action is governed by federal law and state law has no application. Plaintiff contends this Court has no jurisdiction over the matter. It argues there is no diversity of citizenship, no federal issue in the complaint, and no action that would affect interstate commerce.

Generally, federal jurisdiction exists only when a federal question is presented on the face of plaintiff's complaint, and a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 87 L.Ed. 70 (1938); *Produce Terminal Realty Corp. v. New York N.H. & H.R. Co.*, 116 F.Supp. 451 (D.Mass.1953). However, removal is proper where the real nature of the claim as-

serted in the complaint is federal, whether or not so characterized by the plaintiff. *Jones v. General Tire & Rubber Co.,* 541 F.2d 660, 664 (7th Cir.1976); *Produce Terminal Realty Corp. v. New York N.H. & H.R. Co.,* 116 F.Supp. at 453. It is for this Court to determine whether the real nature of the allegations asserted in the complaint are federal rather than state.

Plaintiff's complaint relies solely upon the Arkansas Constitution for its usury allegations. The defendant contends that since it is a national bank, plaintiff's cause of action is preempted by the National Bank Act, specifically 12 U.S.C. §§ 85 and 86. These sections provide for limits on the interest national banks can charge and the penalties for national banks violating these limits.

▉▉▉ National banks are instruments of the Federal Government and are subject to the states' laws to the extent that those laws do not conflict with the paramount laws of the United States. *United Missouri Bank of Kansas City v. Danforth,* 394 F.Supp. 774, 785 (W.D.Mo.1975) (citing *Davis v. Elmira Savings Bank,* 161 U.S. 275, 16 S.Ct. 502, 40 L.Ed. 700 (1896); *McCulloch v. Maryland,* 4 Wheat. 316, 4 L.Ed. 579 (1819)). The states can regulate national banks only as Congress permits. *United Missouri Bank of Kansas City v. Danforth, supra* at 785.[1] "For these reasons, the power of Congress to establish national banks and exempt them from state penalties for usury cannot be questioned." *United Missouri Bank of Kansas City v. Danforth,* 394 F.Supp. at 786 (citing *First National Bank v. Nowlin,* 374 F.Supp. 1037 (W.D.Ark.1973) *aff'd* 509 F.2d 872 (8th Cir.1974)). The penalty that Congress has established for usury by national banks preempts the field, and "state penalties for

usury are not enforceable against national banks either by private parties or by the state itself." *United Missouri Bank of Kansas City v. Danforth,* 394 F.Supp. at 786. The Court finds that although the complaint is premised upon the violation of Arkansas law, the real nature of the claim is federal and governed by the National Bank Act.

▉▉▉ The defendant seeks jurisdiction in this Court through 28 U.S.C. § 1331[2] and 28 U.S.C. § 1337(a)[3], the commerce jurisdiction provision. These sections do not require a minimum jurisdictional amount or diversity of citizenship. It is well settled that the National Bank Act is an Act regulating commerce for purposes of § 1337. *Fisher v. First National Bank of Chicago,* 538 F.2d 1284 (7th Cir.1976); *Brown v. First National City Bank,* 503 F.2d 114 (2d Cir.1974); *Burns v. American National Bank and Trust Co.,* 479 F.2d 26 (8th Cir.1973); *Partain v. First National Bank of Montgomery,* 467 F.2d 167 (5th Cir.1972). Thus, 28 U.S.C. § 1337 gives federal courts original jurisdiction over suits governed by the National Bank Act. *See Burns v. American National Bank and Trust Co., supra.* Involvement of the National Bank Act also raises a federal question for purposes of § 1331. Finding that the Court has jurisdiction over this action, plaintiff's motion to remand will be dismissed.

## II. MOTIONS TO DISMISS

Defendant's supplemental motion to dismiss contends that this action is barred by the statute of limitations as mandated by 12 U.S.C. § 86.[4] The plaintiff contends that the Depository Institutions Deregulation and Monetary Control Act of 1980,

---

1. Plaintiff contends that through the Depository Institutions Deregulation and Monetary Control Act of 1980, Pub.L. 96–221, Arkansas enacted Amendment 60 to the Arkansas Constitution and overrode federal preemptions of Arkansas usury laws. This issue is discussed *infra.*

2. Section 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

3. Section 1337 provides: "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies ..."

4. Actions alleging violations of 12 U.S.C. § 85 must be commenced within two years from the time the usurious transaction occurred.

Pub.L. No. 96–221; 94 Stat. 164 (Monetary Control Act)[5] was controlling over this transaction until Amendment 60 was enacted revising Art. 19, § 13 of the Arkansas Constitution. Although the Monetary Control Act allowed states to override its preemptions, Arkansas failed to do so.[6]

The loan was initially entered into on November 19, 1982. An extension agreement was entered into on June 26, 1985. Plaintiff contends that this extension agreement created a new contract, and the interest should have been renegotiated to fall within Arkansas interest limits. Defendant argues in its first motion to dismiss that the extension agreement did not constitute a new contract. In order for plaintiff's action to subsist, the extension agreement must have constituted a new contract. It is not necessary for this Court to make that determination. Even if the extension agreement was in fact a new contract, the action is barred by the applicable statute of limitations.

■ The Monetary Control Act became effective on April 1, 1980 until April 1, 1983, and granted states a three year window to override its preemptive federal interest limitations. Amendment 60 was passed in a 1982 general election amending Art. 19, § 13, the Arkansas usury provision.[7] It failed to override the Monetary Control Act. *In re Lawson Square, Inc.,* 61 B.R. 145, 149 (Bkrtcy.W.D.Ark.1986); *accord, Troutt v. First Federal Savings and Loan of Hot Springs,* 280 Ark. 505, 659 S.W.2d 183 (1983).

■ Art. 19, § 13 controls interest in Arkansas to the extent it doesn't supersede or invalidate any provision of federal law applicable to loans or interest rates. Defendant is a nationally chartered bank governed by the National Bank Act, 12 U.S.C. § 21 *et seq.* At the date of the extension agreement, June 26, 1985, the Monetary Control Act had expired and Art. 19, § 13 governed Arkansas usury rates. However, Art. 19, § 13 was preempted by the federal law applicable to interest charged by nationally chartered banks, 12 U.S.C. § 85. Section 86 of the National Bank Act provides penalties for usurious interest taken by national banks. It also provides for a two year statute of limitations from the time the usurious transaction occurred. *See* 12 U.S.C. § 86. The alleged usurious interest was paid by the plaintiff on February 9, 1987. This case was filed in Garland County Circuit Court on February 26, 1990, over three years after the alleged usurious

**5.** This provision provides in pertinent part:
BUSINESS AND AGRICULTURAL LOANS
SEC. 511. (a) If the applicable rate prescribed in this section exceeds the rate a person would be permitted to charge in the absence of this section, such person may in the case of a business or agricultural loan in the amount of $1,000 or more, notwithstanding any State constitution or statute which is hereby preempted for the purposes of this section, take, receive, reserve, and charge on any such loan, interest at a rate of not more than 5 per centum in excess of the discount rate, including any surcharge thereon, on ninety-day commercial paper in effect at the Federal Reserve bank in the Federal Reserve district where the person is located.
\* \* \* \* \* \*
(c) ... If such greater rate of interest has been paid, the person who paid it may recover, in a civil action commenced in a court of appropriate jurisdiction not later than two years after the date of such payment, an amount equal to twice the amount of interest paid from the person taking, receiving, reserving, or charging such interest.

**6.** Only thirteen states and Puerto Rico have chosen to override portions of the federal usury preemptions. *See Federal Banking Law Reports,* CCH Para. 58,910 (1985).

**7.** Art. 19, § 13, as amended, reads in pertinent part:
(a) General Loans:
(i) The maximum lawful rate of interest on any contract entered into after the effective date hereof shall not exceed five percent (5%) per annum above the Federal Reserve Discount Rate at the time of the contract.
\* \* \* \* \* \*
(c)(ii) "Federal Reserve Discount Rate" means the Federal Reserve Discount Rate on ninety-day commercial paper in effect in the Federal Reserve Bank in the Federal Reserve District in which Arkansas is located.
\* \* \* \* \* \*
(d)(ii) The provisions hereof are not intended and shall not be deemed to supersede or otherwise invalidate any provisions of federal law applicable to loans or interest rates including loans secured by residential real property.
This section provides for the same amount of interest as the Monetary Control Act.

act. The Court concludes that defendant's supplemental motion to dismiss shall be granted, and plaintiff's complaint be dismissed.

A separate judgment will be entered consistent with this opinion. The Court incorporates into this memorandum opinion its findings and conclusions pursuant to Rule 52 of the Federal Rules of Civil Procedure.

## ORDER

In accordance with the memorandum opinion entered in the above styled and numbered case,

IT IS THEREFORE CONSIDERED, ORDERED, AND ADJUDGED that the motion to remand by M. Nahas Co., Inc. be and the same is hereby denied.

IT IS FURTHER ORDERED, that the supplemental motion to dismiss by First National Bank of Hot Springs be and the same is hereby granted, and plaintiff's complaint be dismissed.