Laura Bushman GILL *v.* TRANSCRIPTIONS, INC.
d/b/a Bushman Court Reporting

94-381                                            892 S.W.2d 258

Supreme Court of Arkansas
Opinion delivered February 13, 1995

*Mitchell, Williams, Selig, Gates & Woodyard*, by: *Marshall S. Ney*, for appellant.

*Lax, Vaughan, Pender & Evans, P.A.*, by: *James R. Pender*, for appellee.

ROBERT L. BROWN, Justice. The issue in this appeal is whether the chancellor abused her discretion in awarding attorney's fees to appellee Transcriptions, Inc. d/b/a Bushman Court Reporting, as the prevailing party in a breach of contract action. We disagree with the appellant, Laura Bushman Gill, that there was an abuse of discretion, and we affirm.

The crux of this case involves the use of the Bushman name for court reporting purposes. On February 20, 1990, Laura Bushman Gill sold her court reporting business named Bushman Court Reporting, Inc. to Transcriptions. As part of the Purchase and Sale Agreement, she agreed to sell her "right, title, and interest in and to the use of the trade name 'Bushman Court Reporting, Inc.' or variations thereof." Laura Bushman Gill agreed that she would not compete with Transcriptions for two years, and Transcriptions commenced doing business as Bushman Court Reporting. The agreement further specified that should it become necessary to enforce any part of the Agreement, the prevailing party shall be entitled to collect from the losing party all reasonable attorney's fees.

In September 1992, Gill decided to reenter the court reporting business. She sent out announcements about her new business under the name Laura Bushman Gill. She also listed her name in the business listings and in the yellow pages of the Southwestern Bell Telephone Directory. When the listings were printed in the 1993 telephone book, her business was listed as "Bushman, Laura Gill crt. reptr." Her business was also listed in the tele-

phone book under "Gill, Laura." Both listings gave the same address and telephone number. Gill later had both listings changed to "Gill, Laura Bushman" for subsequent telephone books, but it is disputed as to when she first attempted to do this.

On April 7, 1993, Transcriptions filed a complaint against Gill, alleging consumer confusion over the Bushman name and breach of the Purchase and Sale Agreement by procuring listings in the business and yellow pages of the telephone book under the Bushman name. Transcriptions sought (1) a permanent injunction prohibiting the Defendant from future use of the Bushman Court Reporting trade name or variations thereof; (2) an injunction ordering permanent disconnection and no forwarding or changed number information of all telephone numbers listed under either "Laura Gill Bushman" or "Laura Bushman Gill"; (3) an injunction prohibiting renewal of the "Laura Gill Bushman" or "Laura Bushman Gill" court reporting listings in the Southwestern Bell Telephone Directory or any other directory; and (4) payment of attorney's fees and costs pursuant to the Purchase and Sale Agreement.

Gill answered claiming that she had procured listings for her business only under the name "Laura Bushman Gill" and that the listing under the Laura Gill Bushman name was a mistake and negligence on the part of Southwestern Bell. She denied that any consumer confusion had occurred and asserted that Transcriptions had agreed that she could use the name Laura Bushman Gill.

After a hearing on the matter, the chancellor issued the following order with the following findings:

1. That the Defendant [Gill] sold the name "Bushman Court Reporting" or variations thereof to the Plaintiff [Transcriptions].

2. The last name Bushman is unique enough and well enough known to have acquired a secondary meaning in the Little Rock area so as to cause a possibility of confusion if the Defendant used the name Bushman.

3. That the Defendant is not entitled to use the name Laura Gill Bushman.

4. That the Defendant, Laura Bushman Gill, is ordered to immediately place a recording on the telephone number of 501-821-5671 or any other telephone numbers under which she is presently advertising her business in the telephone book as, "Bushman, Laura Gill," which states:

You have reached 501-821-5671. If you are trying to reach Bushman Court Reporting the number is 501-372-5115. If you are trying to reach Laura Bushman Gill, the number is 501-228-6592.[1]

5. Laura Bushman Gill will be responsible for maintaining the cost of the recording. This recording will terminate on January 30, 1994.

6. The Defendant did not sell her name, Laura Bushman Gill to the Plaintiff, because such name was not specifically referred to when she sold the name "Bushman Court Reporting" or any variations thereof.

7. That a person should ordinarily be free to use his/her name unless he/she has clearly sold the right not to.

8. That no determination has been made whether the listing, "Bushman, Laura Gill" was placed in the telephone book intentionally by the Defendant or by mistake.

Gill next petitioned the chancellor for attorney's fees pursuant to the contract and Ark. Code Ann. § 16-22-308 (Repl. 1994), claiming that all issues in controversy were resolved in her favor. Transcriptions also petitioned the court for attorney's fees under the contract and § 16-22-308. The chancellor in a letter ruling referred to both the Purchase and Sale Agreement and § 16-22-308 with regard to awarding an attorney's fee to the prevailing party. She then found:

[w]hile it is true that plaintiff [Transcriptions] did not receive all the relief it sought, the court did enter an injunction against defendant's use of the name Laura Gill Bushman. Mr. Ney argues that this issue wasn't in controversy, because Ms. Gill was not attempting to use the name and

---

[1]There is no explanation in the record as to the origin of the new number for Laura Bushman Gill.

stated that the advertising which appeared under that name resulted from an error by Southwestern Bell. The court did order Ms. Gill to place a recording directing calls to the plaintiff on the phone number that had been advertised under the name Laura Gill Bushman. I believe that the plaintiff did win on this issue and should be deemed a prevailing party.

The chancellor entered her order awarding Transcriptions attorney's fees in the amount of $8,429.87 and denying Gill's motion for attorney's fees.

The sole issue on appeal is whether the chancellor erred in finding that Transcriptions was the prevailing party under Arkansas law in the action in chancery court and in granting Transcriptions's petition for attorney's fees. The general rule in Arkansas is well-settled that attorney's fees are not awarded unless expressly provided for by statute or rule. *Security Pacific Housing Services, Inc.* v. *Friddle*, 315 Ark. 178, 866 S.W.2d 375 (1993); *First National Bank* v. *Griffin*, 310 Ark. 164, 832 S.W.2d 816 (1992); *Chrisco* v. *Sun Industries, Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990). Arkansas law does provide for attorney's fees for breach of contract. Ark. Code Ann. § 16-22-308 (Repl. 1994).

While § 16-22-308 allows for the award of attorney's fees for breach of contract, the decision whether to award a fee in such cases is a decision within the trial court's discretion. *P.A.M. Transport, Inc.* v. *Arkansas Blue Cross and Blue Shield*, 315 Ark. 234, 868 S.W.2d 33 (1993); *Security Pacific Housing Services, Inc.* v. *Friddle, supra.* We have further stated that due to the trial court's intimate acquaintance with the record and the quality of service rendered, we will usually defer to the trial court's superior perspective in awarding attorney's fees and reverse an award only when there has been an abuse of discretion. *Security Pacific Housing Services, Inc.* v. *Friddle, supra; Chrisco Sun Industries, Inc., supra.*

The Arkansas Court of Appeals has addressed the issue of who is the prevailing party in litigation under § 16-22-308. *See ERC Mortg. Group, Inc.* v. *Luper*, 32 Ark. App. 19, 795 S.W.2d 362 (1990). In *Luper*, the Court of Appeals held that the plaintiff was the prevailing party under the statute, although six of the seven counts in his complaint were dismissed at the close

of his case-in-chief. The court quoted with approval from a Missouri case:

> [t]here can be but one prevailing party in an action at law for the recovery of a money judgment. It transpires frequently that in the verdict each party wins on some of the issues and as to such issues he prevails, but the party in whose favor the verdict compels a judgment is the prevailing party. Each side may score but the one with the most points at the end of the contest is the winner, and . . . is entitled to recover his costs.

32 Ark. App. at 19, 795 S.W.2d at 364, 365, *quoting Ozias* v. *Haley*, 125 S.W. 556, 557 (Mo. App. 1910).

In the case before us, Gill does not appeal the chancellor's order granting injunctive relief to Transcriptions. Rather, she contends that she is the prevailing party because, according to her theory, none of the aforementioned items in the order on which Transcriptions prevailed were actually in controversy. She argues that she never intended to use the name Laura Gill Bushman and conceded that the name was erroneously listed. She further emphasizes that the chancellor declined to find that she had placed the listing with Southwestern Bell either intentionally or by mistake. And, lastly, she urges that she prevailed on the issue of using her own name in business, Laura Bushman Gill.

Though Gill is correct that the chancellor never made a finding that the Southwestern Bell listing of Laura Gill Bushman was intentional, it is clear from the chancellor's order that the chancellor found that the Purchase and Sale Agreement was breached by use of that name. As a result, an injunction issued in favor of Transcriptions. Gill was further required, due to the breach, to install a recording on her "Laura Gill Bushman" telephone line advising errant customers of Bushman Court Reporting's telephone number and her own telephone number. Moreover, we consider it important that Gill never confessed judgment regarding any claim for injunctive relief during the litigation; nor did she acknowledge in any respect that Transcriptions was entitled to any of the injunctions requested. Finally, the idea for the telephone recording to clear up customer confusion following the breach came from counsel for Transcriptions during clos-

ing argument. There was no statement by Gill prior to the chancellor's order that she agreed with the recording as a means of remedying the breach.

It is true that the chancellor permitted Gill to continue to use her own name in business. Yet, the chancellor granted injunctive relief to Transcriptions with regard to the Laura Gill Bushman name and required that a clarifying recording be installed at Gill's expense, which we conclude is dispositive of the issue. We hold that the chancellor did not abuse her discretion in finding Transcriptions to be the prevailing party.

Affirmed.