C & W ACQUISITION, LLC  *v.*  Jimmy WHITTINGTON
and Sandy Whittington

CA 04-820                                    205 S.W.3d 157

Court of Appeals of Arkansas
Opinion delivered March 9, 2005

Davis, Wright, Clark, Butt & Carithers, PLC, by: *Mark W. Dossett*, for appellant.

Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., by: *Curtis E. Hogue*, for appellees.

JOHN B. ROBBINS, Judge. Appellant C & W Asset Acquisition, LLC, appeals the entry of an order to pay attorney fees to appellee Jimmy D. Whittington as a "prevailing party" pursuant to Ark. Code Ann. § 16-22-308 (Repl. 1999). We reverse the attorney-fee award.

This case began as a debt collection case in Washington County Circuit Court filed on September 10, 2003, against appellee Jimmy D. Whittington and appellee Sandy Whittington. Appellant sought to recover the $18,660.98 balance owed on an open credit card account in the names of appellees. Mr. Whittington answered the complaint denying liability and moved to dismiss appellant's complaint. At the bench trial, it was established that this credit card was acquired by Ms. Whittington during the marriage, and the marital debt was evenly divided pursuant to their October 1, 1997 divorce decree. In a judgment filed on March 15, 2004, the trial judge found that Ms. Whittington was responsible for any charges from and after their divorce, entering judgment against her for $3,822.75, and that Mr. and Ms. Whittington were jointly and severally liable for $218.83, the balance remaining at the time of their divorce.

Both appellant and Mr. Whittington petitioned for an award of attorney's fees pursuant to Ark. Code Ann. § 16-22-308, which permits a trial court to award such fees to the prevailing party. Mr. Whittington was awarded an attorney fee in the amount of $2,505; appellant was denied its request. Appellant filed a timely notice of appeal arguing that the trial court erred in awarding fees to Mr. Whittington because he was not a "prevailing party" pursuant to statute. Mr. Whittington did not appeal the money judgment entered against him, but he argues in response to the appeal of the fee award. He asserts that appellant did not prevail on the merits of its breach-of-contract claim, but instead was fortuitously granted judgment based upon a divorce decree. Thus, Mr. Whittington argues that he prevailed over the allegations in appellant's complaint. We hold that because Mr. Whittington was ordered to pay a money judgment, which he did not appeal, the trial court erred in declaring Mr. Whittington the prevailing party for purposes of the attorney-fee statute.

Arkansas Code Annotated section 16-22-308 provides:

In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instru-

ment, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

This section has been held to authorize an award of attorney's fees to a party who successfully defends against a contract claim. *Meyer v. Riverdale Harbor Mun. Prop. Owners Improvement Dist. No. 1 of Little Rock, Ark.*, 58 Ark. App. 91, 947 S.W.2d 20 (1997); *Cumberland Fin. Group, Ltd. v. Brown Chem. Co.*, 34 Ark. App. 269, 810 S.W.2d 49 (1991). A trial court is not required to award attorney's fees, and we usually recognize the superior perspective of the trial judge in determining whether to award attorney's fees. *Jones v. Abraham*, 341 Ark. 66, 15 S.W.3d 310 (2000); *Chrisco v. Sun Indus. Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990). *See also Nelson v. River Valley Bank & Trust*, 334 Ark. 172, 971 S.W.2d 777 (1998); *Burns v. Burns*, 312 Ark. 61, 847 S.W.2d 23 (1993). However, before that discretionary decision comes into play, there must be a threshold determination of the "prevailing party." *Marcum v. Wengert*, 344 Ark. 153, 40 S.W.3d 230 (2001).

There can be only one prevailing party in an action at law for the recovery of a money judgment; sometimes each party wins on some of the issues, but the party in whose favor the verdict compels a judgment is the prevailing party. *See ERC Mortgage Group, Inc. v. Luper*, 32 Ark. App. 19, 795 S.W.2d 362 (1990). Each side may score, but the one with the most points at the end of the contest is the winner and is entitled to recover his costs. *See id.*

The case of *Marcum v. Wengert*, 344 Ark. 153, 40 S.W.3d 230 (2001), is particularly instructive. That case began as a landlord and tenant dispute between the property owners (the Wengerts) and the lessee (college fraternity Phi Kappa Tau and its officers Marcum and Capo). The lawsuit eventually encompassed competing complaints. The jury found that (1) the Wengerts were liable for conversion of the fraternity's furniture and for breach of the lease; (2) the officers were not liable individually for any damage to the property; and (3) the fraternity was liable for minimal property damage. The fraternity and its officers moved for attorney's fees as the prevailing parties, but the trial judge found that none of the parties were prevailing parties. On appeal, our

supreme court reversed and remanded. The *Marcum* opinion explained:

> Clearly, the trial judge decided that no party was the "prevailing party" because they did not recover anywhere close to the amount of damages they were seeking. However, the trial court erred in basing his determination of who prevailed on the amount each party recovered under their claims. Instead, under Arkansas law, the prevailing party is determined by who comes out "on top" at the end of the case. This court provided the most recent discussion of the term "prevailing party" in *Burnette v. Perkins & Associates*, 343 Ark. 237, 33 S.W.3d 145 (2000), with regard to its application under Ark. Code Ann. § 16-22-308. While the issue in *Burnette* was whether there is a prevailing party in a case that is dismissed without prejudice before reaching the merits, the language regarding the term "prevailing party" is useful. The *Burnette* court determined that in order to be a "prevailing party," one must prevail on the merits of the lawsuit.

> The *Burnette* court further cited to *Gill v. Transcriptions, Inc.*, 319 Ark. 485, 892 S.W.2d 258 (1995), which referred to *ERC Mortgage Group, Inc. v. Luper*, 32 Ark. App. 19, 795 S.W.2d 362 (1990), in which this court and the court of appeals also discussed "prevailing party." In *Gill*, this court quoted *Luper*, adopting the court of appeal's reasoning on that issue. The *Gill* court stated:

>> In *Luper*, the Court of Appeals held that the plaintiff was the prevailing party under the statute, although six of the seven counts in his complaint were dismissed at the close of his case-in-chief. The court quoted with approval from a Missouri case:

>>> [t]here can be but one prevailing party in an action at law for the recovery of a money judgment. It transpires frequently that in the verdict each party wins on some of the issues and as to such issues he prevails, but the party in whose favor the verdict compels a judgment is the prevailing party. Each side may score but the one with the most points at the end of the contest is the winner, and . . . is entitled to recover his costs.

>> 32 Ark. App. at 19, 795 S.W.2d at 364, 365, quoting *Ozias v. Haley*, [141 Mo. App. 637] 125 S.W. 556, 557 (Mo. App. 1910).

> *Gill*, 319 Ark. at 489-490, 892 S.W.2d 258.

> Using this language, this court must analyze each cause of action and subsequent award by the jury to determine who was the prevailing party in the case. .... [A]ccording to our case law, PKT Housing Corporation, Marcum, and Capo, were the prevailing parties in their respective lawsuits with the Wengerts. Therefore, the trial court's decision that there was not a prevailing party is error.

*Id.*, 344 Ark. at 162-63, 40 S.W.3d at 236.

As applied to the present appeal, we must conclude that Mr. Whittington was not a prevailing party, though the judgment entered against him was small. At the bench trial, appellant did not introduce the actual application or contract regarding the account, but rather only the monthly account statements. Testimony established that Ms. Whittington opened the account, and the divorce decree ordered that proceeds from the sale of the marital home be applied to the outstanding balance, which payment was acknowledged by appellant. Because there remained a small balance at that time, the trial judge found Mr. Whittington jointly and severally liable with his ex-wife for that amount. After considering motions and briefs in support of the requests for attorney fees, the trial court rendered its findings in a letter opinion that was incorporated into the order on appeal. The letter read in relevant part:

> But for the decree of divorce between the Defendants, Jimmy D. Whittington and Sandy D. Whittington, establishing liability on the part of Mr. Whittington for a marital debt, the Plaintiff would not have received a judgment against Mr. Whittington. I find that Mr. Whittington was the "prevailing party."

Applying the appellate case precedents, we hold that the trial court erred. Appellant was the prevailing party because judgment was rendered in its favor on its complaint for a money judgment regarding this credit card account. The status of the prevailing party is not determined by the amount of recovery, *see ERC, supra*, but rather by who came out "on top" and was awarded a money judgment. *See Marcum, supra.* Therefore, we reverse the award of attorney fees.

Reversed and remanded for vacation of the order awarding an attorney's fee to Mr. Whittington.

GRIFFEN and ROAF, JJ., agree.