SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–15–293

| | |
|---|---|
| UNIFIRST CORPORATION<br>APPELLANT | **Opinion Delivered** December 2, 2015 |
| V. | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, GREENWOOD DISTRICT<br>[NO. CV-2014-145-G] |
| LUDWIG PROPERTIES, INC.<br>D/B/A 71 EXPRESS TRAVEL PLAZA<br>APPELLEE | HONORABLE JAMES O. COX, JUDGE |
| | AFFIRMED |

## CLIFF HOOFMAN, Judge

Appellant Unifirst Corporation appeals from the January 29, 2015 judgment filed by the Sebastian County Circuit Court. On appeal, appellant contends that the circuit court abused its discretion when it ordered appellant to pay attorney's fees after appellant voluntarily nonsuited its motion to vacate the arbitration award. Specifically, appellant argues that (1) the circuit court effectively ruled on the merits when determining that appellee, Ludwig Properties, Inc., was the prevailing party contrary to appellant's voluntary dismissal of its petition pursuant to Arkansas Rule of Civil Procedure 41(a) (2015), and (2) the circuit court failed to consider the relevant factors when determining the reasonableness of the award. We affirm.

This case stems from an arbitration action in which appellant sought damages pursuant to a liquidated-damages provision for appellee's breach of contract. Appellee defended its

termination of the contract on the basis that its alleged representative lacked actual and apparent authority to enter into the contract and bind appellee. Additionally, appellee contended that the liquidated-damages provision was unenforceable. The arbitrator found that appellant had failed to meet its burden of proof to show that the representative had apparent authority and that the contract was therefore unenforceable. Furthermore, the arbitrator awarded appellee $6,000 in attorney's fees and costs.

Subsequently, the instant action resulted after appellant filed a motion to vacate the arbitration award on September 26, 2014, in Sebastian County Circuit Court. Appellant alleged that the arbitration award should be vacated because the arbitrator and appellee's counsel had attended the same law school at the same time and failed to disclose that fact; the arbitrator showed partiality to appellee; the arbitrator manifestly disregarded the law; and the award was procured by corruption, fraud, or other undue means.

Appellee filed a response on October 10, 2014, requesting the court to overrule and deny appellant's motion. Additionally, on the same date, appellee filed a motion for an order registering the arbitration award as a judgment pursuant to Arkansas Code Annotated section 16-108-222 (Supp. 2014). Appellee alleged, in pertinent part, that appellant had failed to comply with the arbitration award and that appellee should be awarded additional attorney's fees and costs for the instant action. Furthermore, according to the certificate of service, appellee served a motion for Rule 11 sanctions on appellant pursuant to Arkansas Rule of Civil Procedure 11 (2014) on October 10, 2014, which was subsequently filed with the circuit court on November 25, 2014.

On October 27, 2014, appellee filed its motion for attorney's fees and costs in the amount of $3,743 and attached an affidavit as evidence of the incurred fees and costs. Appellee alleged that it had filed the motion in anticipation of appellant withdrawing and dismissing its motion to vacate the arbitration award. However, appellant did not withdraw its motion. Instead, appellant filed a motion to dismiss without prejudice its motion to vacate arbitration award pursuant to Arkansas Rule of Civil Procedure 41. Additionally, appellant filed a response to the motion for attorney's fees and costs on November 3, 2014, arguing that appellee was not entitled to any attorney's fees because appellant had filed a motion for voluntary dismissal of the case pursuant to Rule 41, and that the new fees were unreasonable when compared to the amount of attorney's fees that were awarded by the arbitrator during arbitration. In its reply, appellee disagreed with appellant's contention that the voluntary dismissal barred appellee from recovering its attorney's fees, and a hearing was held on January 15, 2015.

At the conclusion of the hearing, the circuit court orally found that although appellee "had won" in arbitration, appellant did not want to pay the arbitrator's award and was "stalling." It further stated that "[appellant] told [its counsel] to file a petition or motion to vacate [the arbitration award] and that got non-suited after [appellee's counsel] took certain actions to try to protect his client's award." The circuit court orally awarded appellee's motion for attorney's fees and costs, denied the motion for Rule 11 sanctions, and granted appellee's motion to have the arbitration award reduced to a judgment. Appellant filed a motion for reconsideration, and appellee filed a response.

The circuit court filed a written judgment on January 29, 2015. In its order, the circuit court, in pertinent part, dismissed appellant's claims after recognizing that appellant had filed a motion to dismiss its claims against appellee pursuant to Arkansas Rule of Civil Procedure 41; registered and confirmed the arbitration award; reduced the arbitration award of $6,000 to a judgment, with postjudgment interest at a rate of ten percent per annum; granted appellee's motion for attorney's fees and costs in the amount of $3,743, with postjudgment interest at a rate of ten percent per annum; and denied appellee's motion for Rule 11 sanctions. A purported certificate pursuant to Arkansas Rule of Civil Procedure 54(b) (2015) was filed on February 12, 2015, in a separate document.

Appellant filed a motion for clarification on February 17, 2015, alleging that the order needed further clarification as to whether the circuit court specifically granted its motion for voluntary dismissal without prejudice pursuant to Rule 41. Additionally, appellant filed its notice of appeal on February 23, 2015. Appellee filed a response to the motion for clarification on February 25, 2015, stating that there was no reason for further clarification because the circuit court's order was clear that it did grant appellant's voluntary motion to dismiss the motion to vacate the arbitration award pursuant to Rule 41 as appellant alleged. The circuit court filed an order denying the motion for clarification on March 11, 2015. This appeal followed.[1]

In its brief, appellant contends that the circuit court abused its discretion when it

---

[1] Arkansas Rule of Appellate Procedure–Civil 2(a)(12) and Arkansas Code Annotated section 16–108–228(a)(3) permit the immediate appeal from an order confirming an arbitration award.

ordered appellant to pay attorney's fees after appellant voluntarily nonsuited its motion to vacate the arbitration award. More specifically, appellant argues that Arkansas Code Annotated section 16-108-225(c) provides the only remaining basis for an attorney's-fee award in this matter and that section 16-108-225(c) only permits a prevailing party in a contested judicial proceeding to be awarded attorney's fees. Therefore, because appellant argues that its claim was voluntarily dismissed under Rule 41(a), it contends that appellee cannot be awarded attorney's fees. This argument is, however, without merit.

This court follows the American rule, which requires every litigant to bear his or her attorney's fees absent statutory authority or a contractual agreement between the parties. *Carter v. Cline*, 2013 Ark. 398, 430 S.W.3d 22. Because of the circuit court's intimate acquaintance with the trial proceedings and the quality of service rendered by the prevailing party's counsel, we usually recognize the superior perspective of the circuit court in determining whether to award attorney's fees. *Harrill & Sutter, PLLC v. Kosin*, 2011 Ark. 51, 378 S.W.3d 135. The decision to award attorney's fees and the amount to award are discretionary determinations that will be reversed only if the appellant can demonstrate that the circuit court abused its discretion. *Id*. While the decision to award attorney's fees and the amount awarded are reviewed under an abuse-of-discretion standard, we review factual findings by a circuit court under a clearly erroneous standard. *Carter, supra*.

Arkansas Code Annotated section 16-108-225 provides,

(a)(1) Upon granting an order confirming, vacating without directing a rehearing, modifying, or correcting an award, the court shall enter a judgment in conformity with the award.
    (2) The judgment may be recorded, docketed, and enforced as any other

judgment in a civil action.

(b) A court may allow reasonable costs of the motion and subsequent judicial proceedings.

(c) On application of a prevailing party to a contested judicial proceeding under § 16-108-222, § 16-108-223, or § 16-108-224, the court may add reasonable attorney's fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award.

Furthermore, Arkansas Code Annotated section 16-108-222 states that "[a]fter a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award, at which time the court shall issue a confirming order unless the award is modified or corrected under § 16-108-220 or § 16-108-224 or is vacated under § 16-108-223." Therefore, the circuit court clearly had authority to award appellee attorney's fees pursuant to section 16-108-225(c), as appellee was the prevailing party after the circuit court registered and confirmed the arbitration award after a contested section 16-108-222 proceeding, regardless of the fact that appellant's motion to vacate the arbitration award was voluntarily dismissed.

Appellant next argues that the circuit court failed to consider the relevant factors in determining the reasonableness of the attorney's-fee award pursuant to *Chrisco v. Sun Industries, Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990) and that this case should be remanded for further findings. Moreover, appellant alleges that much of the attorney's fees generated were attributable to unnecessary pleadings and should have been disallowed. However, appellant failed to preserve these arguments for appellate review.

It is well settled that we will not consider an argument raised for the first time on

appeal. *Perry v. Baptist Health*, 368 Ark. 114, 243 S.W.3d 310 (2006). In addition to the arguments regarding the circuit court's authority to award fees, appellant limited its argument in its response to appellee's motion for attorney's fees to the following:

> Additionally, the Affidavit filed in support of Respondent counsel's Motion for Attorney's Fee is completely unreasonable, in that it seeks more than half of the entire fee awarded to Respondent upon the entire arbitration proceeding. The arbitration itself occurred over months and the reasonable fee awarded to Respondent's counsel was the total sum of $6,000.00. Respondent's counsel now seeks an additional $3,600.00, which is completely unreasonable, even if allowed under Arkansas Law[.]

Therefore, appellant failed to raise its arguments regarding the consideration of the relevant factors enumerated in *Chrisco* and the disallowance of fees attributable to the unnecessary pleadings to the circuit court below, and appellee properly argues on appeal that these arguments may not be considered by this court. *Id.* A party cannot change the grounds for an objection or motion on appeal, but is bound by the scope and nature of the arguments made at trial. *Yant v. Woods*, 353 Ark. 786, 120 S.W.3d 574 (2003). As such, we affirm the circuit court.

Affirmed.

GLOVER and HIXSON, JJ., agree.

*Milligan Law Offices*, by: *Phillip J. Milligan*, for appellant.

*Skinner Law Firm, P.A.*, by: *Jack Skinner*, for appellee.