## Dr. Bobby D. PERRY *v.* BAPTIST HEALTH

06-599                                        243 S.W.3d 310

Supreme Court of Arkansas
Opinion delivered November 16, 2006

[Rehearing denied January 4, 2007.]

*Cullen & Co., PLLC*, by: *Tim Cullen*, for appellant.

*The Health Law Firm*, by: *Harold H. Simpson*, for appellee.

BETTY C. DICKEY, Justice. Dr. Bobby Perry appeals a Pulaski County Circuit Court order awarding attorney's fees in the amount of $65,000 to Baptist Health, arguing that Baptist Health was not a prevailing party pursuant to Ark. Code Ann. § 16-22-308 (1999), and that the amount of the award was unreasonable. We find no error and affirm.

On February 7, 2002, Dr. Perry filed suit against Baptist Health alleging breach of a professional services contract. The Appellees filed a motion to dismiss, alleging that Dr. Perry was not an intended third-party beneficiary of the professional services agreement. On June 19, 2002, the trial court, pursuant to Ark. R. Civ. P. 12(b)(6), granted the motion for failure to state facts showing an entitlement to relief. The Arkansas Court of Appeals affirmed that ruling. After granting Dr. Perry's petition for review, this court in *Perry v. Baptist Health*, 358 Ark. 238, 189 S.W.3d 54 (2004), reversed the trial court's dismissal of the complaint and remanded the case to the trial court. Upon remand, Baptist Health answered Dr. Perry's complaint and asserted a counterclaim, alleging a breach of the professional services agreement and seeking $4,000 in damages. After a hearing on November 2, 2006, the trial judge ruled that the Appellant's claim, which initially sought damages of approximately $1,000,000, was limited to damages occurring within ninety days after the alleged breach by Baptist Health. A trial was held starting on November 1, 2005, and the jury returned a verdict rejecting both the Appellant's claim and the Appellee's counterclaim and finding that no damages were due to either party. Baptist Health then filed a motion for attorney's fees, and, on January 30, 2006, the trial court entered an order finding that Baptist Health was the prevailing party and awarding attorney's fees in the amount of $90,000. Dr. Perry filed a motion for reconsideration, arguing that the trial court's award was inequi-

table because it considered expenses incurred by Baptist Health in advancing its ultimately unsuccessful motion to dismiss. On February 14, 2006, a hearing on the motion for reconsideration was held, after which the trial court entered an order reducing the award to $65,000. We granted the Appellant's petition for review from that order.

The Appellant's first point on appeal is: *The trial court abused its discretion by awarding attorney fees to the appellee, because there is no "prevailing party" here; therefore, attorney fees are not available under Arkansas Law.*

A trial court is not required to award attorney's fees and, because of the trial judge's intimate acquaintance with the trial proceedings and the quality of service rendered by the prevailing party's counsel, we usually recognize the superior perspective of the trial judge in determining whether to award attorney's fees. *Jones v. Abraham*, 341 Ark. 66, 15 S.W.3d 310 (2000); *Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990). The decision to award attorney's fees and the amount to award are discretionary determinations that will be reversed only if the appellant can demonstrate that the trial court abused its discretion. *Nelson v. River Valley Bank & Trust*, 334 Ark. 172, 971 S.W.2d 777 (1998); *Burns v. Burns*, 312 Ark. 61, 847 S.W.2d 23 (1993).

As a threshold issue, it is necessary to assess the accuracy of the trial court's determination that the Appellee was the "prevailing party" in the present case. Arkansas Code Annotated § 16-22-308 controls the award of attorney's fees in contract cases, which provides in pertinent part:

> in any civil action to recover on . . . breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney fee to be assessed by the court and collected as costs.

The above statute gives the trial court the discretion to award reasonable attorney's fees only to the "prevailing party." Here, the Appellant asserted an unsuccessful breach of contract claim, and the Appellee asserted an unsuccessful breach of contract counterclaim. The Appellant argues that because the jury denied recovery on both his claim and Appellee's subsequent counterclaim, there was no prevailing party in the instant action, as neither party gained any positive advantage over the other. The Appellee maintains that because it achieved its overall objective in this case,

the successful defense of the Plaintiff-Appellant's contract claim, it was the prevailing party in the instant action.

As is evident from a review of our case law, and as the Appellant concedes, a successful defendant in a contract action may be considered a "prevailing party" for the purposes of Ark. Code Ann. § 16-22-308. *See, e.g., Marcum v. Wengert*, 344 Ark. 153, 40 S.W.3d 230 (2001); *Dawson v. Temps Plus, Inc.*, 337 Ark. 247, 987 S.W.2d 722 (1999); *Marsh & McLennan of Ark. v. Herget*, 321 Ark. 180, 900 S.W.2d 195 (1995).

Thus, the question to be answered here is whether the Defendant-Appellee's assertion of the unsuccessful counterclaim necessarily precludes its classification as a "prevailing party" under section 16-22-308. We are of the opinion that it does not.

In our prior treatment of this issue, we have construed "prevailing party" in terms of the entire case, and not in terms of particular issues or actions therein. Accordingly, we have stated, "[u]nder Arkansas law, the prevailing party is determined by who comes out "on top" at the end of the case." *Marcum*, 344 Ark. at 162,40 S.W.3d at 236. Viewing the present case as a whole, it was the Appellee who achieved its primary objective and thus prevailed.

The Appellant relies on *Kropp v. Ziebarth*, 601 F.2d 1348 (8th Cir. 1979), for the proposition that an unsuccessful counterclaim removes a defendant from the definition as a prevailing party. In that case, the plaintiff filed suit to recover damages for breach of a contract to purchase cattle. The defendant buyers counterclaimed under the contract, asserting damages roughly double those claimed by the plaintiff. Eventually, a jury returned a verdict awarding both parties damages of the same amount. The trial court then awarded attorney's fees to the defendant buyers. The Montana statute at issue in the case permitted the prevailing party to recover reasonable attorney's fees. The Eighth Circuit Court reversed the award, stating:

> We find no persuasive justification in the district court's reasoning or clear support in Montana case law for the court's view that only Buyers prevailed in this case. Depending on one's perspective, both parties either successfully fended off large claims or established their entitlement to large claims negating each other. Buyers have not shown themselves to be entitled to attorney's fees and costs under the contract, and the attorney fee part of the district court's judgment must be set aside.

*Kropp*, 601 F.2d at 1358.

The breadth of the holding in *Kropp* is not readily apparent, i.e., it is not clear that the court held that the assertion of an unsuccessful counterclaim categorically prevented a finding that a defendant in a breach of contract claim was a prevailing party for the purposes of awarding attorney's fees. In any case, that is not the law in Arkansas, and we decline to adopt that rule here.

In the present case, the Appellant initially filed suit in February 2002, seeking damages of approximately $1,000,000 for the Appellee's breach of contract. This amount was later reduced to $26,000 after the trial court found the contract to be unilaterally terminable by either party upon ninety days notice. Upon remand, the Appellee filed a counterclaim asserting that the Appellant had breached the same contract and seeking damages in the amount of $4,000. Both the initial claim and the counterclaim were ultimately unavailing.

The Appellee achieved its primary objective in this case, which was the defensive one of preventing the Appellant from effecting a change in the relative legal liabilities of the two parties. We conclude that the trial court did not abuse its broad discretion in matters relating to an award of attorney's fees by finding that Baptist Health was the prevailing party in the instant action.

The Appellant's second point on appeal is: *The trial court abused its discretion by awarding attorney fees, because 1) the amount of attorney fees awarded appellee is unreasonable in light of the jury's verdicts, and 2) the award of attorney fees to appellee included fees for work performed on a claim on which appellant unquestionably prevailed.*

The Appellant argues that the final attorney's fee award of $65,000 was unreasonable, because that figure is considerably greater than the $26,000 he considers was at stake in the initial claim and the $4,000 at issue in the counterclaim, and because neither party was awarded damages by the jury.

The Appellee argues that because the "eight long recognized factors" enumerated by this court in *Chrisco v. Sun Industries, Inc.,* 304 Ark. 227, 800 S.W.2d 717 (1990), for use in the assessment of an award of attoney's fees were not argued by the Appellant below, they may not be considered by this court upon appeal. It is well settled that we will not consider an argument raised for the first time upon appeal. *Ayers v. State,* 334 Ark. 258, 975 S.W.2d 88

(1998). However, the Appellant did argue below that the amount of the fee award was unreasonable, and thus that argument is preserved for our review.

The Appellant relies on *Dawson v. Temps Plus, Inc.*, 337 Ark. 247, 987 S.W.2d 722 (1999), in support of his argument that the fee award was unreasonable. There, the trial court awarded the plaintiff approximately $62,000 in damages and $20,000 in attorney's fees for the breach of a covenant not to compete. Upon appeal, this court reversed the trial court's award of damages and held that the breach had caused only nominal damages to the Plaintiff-Appellee. We then reversed and remanded the attorney's fee award for reconsideration in light of our finding of only nominal damages.

We note that *Dawson* dealt with a fee award to a successful plaintiff in a breach of contract suit, while the present case involves an award to a defendant who successfully defended a claim for breach of contract. We also note that the Appellant originally claimed damages of approximately $1,000,000, an amount that was reduced to $26,000 after the trial court ruled that damages were limited under the contract to the ninety days following a breach. *Marsh v. Herget*, 321 Ark. 180, 900 S.W.2d 195 (1995), is instructive in regard to the propriety of the fees awarded in the instant case. There, the defendant was sued by his employer for the breach of a covenant not to compete. The complaint was dismissed, and an award of attorney's fees in the amount of $106,000 followed. Upon appeal, this court declined to reverse the award of attorney's fees.

▮ Here, the award of attorney's fees was made after a long and involved legal struggle, which culminated in a jury trial. Baptist Health produced evidence that it incurred approximately $100,000 in legal expenses as a result of that struggle. Given these circumstances, the trial court did not abuse its broad discretion by determining that $65,000 constituted a reasonable award of attorney's fees.

The Appellant finally argues that the trial court erred by awarding fees based on expenses incurred by the Appellee in advancing its unsuccessful claim that the Appellant was not a third party beneficiary to the contract at issue here. The Appellant asserts that the trial court's award was in error because the Appellee was not a "prevailing party" with regard to this particular issue.

After the Appellant's motion for reconsideration, the trial court reduced its original award of $90,000 to $65,000, stating that, although it had discretion to award the Appellee attorney's fees in relation to the appeal of the third-party-beneficiary issue, to do so in the present case would not be "particularly equitable." The trial court then reiterated its conclusion that the Appellee was the prevailing party in the present case.

The trial court was correct in its conclusion that upon the threshold determination that the Appellee was the prevailing party in the case, it had discretion to award reasonable attorney's fees based upon expenses incurred even during its prosecution of unsuccessful arguments and endeavors within the case.

As noted above, this court has analyzed the term "prevailing party" pursuant to section 16-22-308 in terms of cases, and not in terms of discrete issues within cases. For example, our decision in *Gill v. Transcriptions, Inc.*, 319 Ark. 485, 892 S.W.2d 258 (1995), included the following discussion of the breadth of construction to be applied to the term "prevailing party" as it is used in section 16-22-308:

> The Arkansas Court of Appeals has addressed the issue of who is the prevailing party in litigation under § 16-22-308. *See ERC Mortg. Group, Inc. v. Luper*, 32 Ark. App. 19, 795 S.W.2d 362 (1990). In *Luper*, the Court of Appeals held that the plaintiff was the prevailing party under the statute, although six of the seven counts in his complaint were dismissed at the close of his case-in-chief. The court quoted with approval from a Missouri case:
>
> [t]here can be but one prevailing party in an action at law for the recovery of a money judgment. It transpires frequently that in the verdict each party wins on some of the issues and as to such issues he prevails, but the party in whose favor the verdict compels a judgment is the prevailing party. Each side may score but the one with the most points at the end of the contest is the winner, and is entitled to recover his costs.
>
> 32 Ark. App. at 19, 795 S.W.2d at 364, 365, *quoting Ozias v. Haley*, 141 Mo.App. 637, 125 S.W. 556, 557 (1910).

*Id.* at 489-90, 892 S.W.2d at 261.

We continue to agree with the above reasoning. Prior to awarding attorney's fees, the trial court is required to make a determination of which party, if any, prevailed on the merits of the

case as a whole, and need not make such a determination for particular issues within the case. Here, the trial judge determined that Baptist Health was the prevailing party for the purposes of awarding attorney's fees, and thus he was free to award Baptist Health reasonable attorney's fees regardless of its failure to triumph on all of its arguments asserted during the case.

Affirmed.