2011 Ark. App. 678

**Phil and Crystal BRACKELSBERG, Appellants**

v.

**Marc and Billie HEFLIN, Appellees.**

**No. CA 11–591.**

Court of Appeals of Arkansas.

Nov. 9, 2011.

Joshua Sanford, Russellville, for appellant.

Janan Arnold Davis, Maumelle, for appellee.

JOHN B. ROBBINS, Judge.

This is the second appeal involving these parties and a dispute pertaining to a real estate contract. The appellants are Phil and Crystal Brackelsberg, and the appellees are Marc and Billie Heflin. The parties executed a real estate contract, the Heflins breached the contract, and litigation followed. The only issue in this appeal is whether the Brackelsbergs or the Heflins ultimately prevailed in the litigation. The trial court found that the Heflins were the prevailing party in this case, and based on that finding it awarded the Heflins $21,626.50 in attorney's fees and $1774.36 in costs. On appeal, the Brackelsbergs argue that the trial court erred in finding the Heflins to be the prevailing party. The Brackelsbergs contend that they prevailed in the litigation and that the trial court abused its discretion in awarding attorney's fees and costs to the Heflins, and in failing to award attorney's fees and costs to the Brackelsbergs.

We agree that the trial court erred in finding that the Heflins were the prevailing party. However, under the particular facts of this case we conclude that neither party prevailed for purposes of assessing attorney's fees and costs. Therefore, we reverse and dismiss the trial court's order that awarded attorney's fees and costs to the Heflins.

In August 2005, the Brackelsbergs agreed to sell their house to the Heflins for $450,000.00. The Heflins backed out of the contract because the home appraised for only $420,000.00 and their bank would not loan them more than that amount on the property. The Brackelsbergs did not return the Heflins' $5000.00 earnest money, and they eventually sold their house to another buyer for $422,500.00.

More than a year after their deal fell apart, the Heflins sued the Brackelsbergs for the earnest money. In addition to requesting a $5000.00 judgment against the Brackelsbergs, the Heflins' amended complaint argued in the alternative:

That in any event, the actions of the Defendants in selling the house and repudiating the contract, without returning the earnest money deposit to the Plaintiffs and seeking actual damages, constituted an election of remedies to accept liquidated damages in the form of the earnest money, precluding seeking actual damages, leaving as the only issue the matter of the earnest money.

The Brackelsbergs filed an answer and counterclaim, wherein they alleged that the Heflins breached the contract by failing to exercise good faith in attempting to secure financing. As a result of the Heflins' breach of contract, the Brackelsbergs asked for dismissal of the Heflins' action and damages of at least $60,105.74. In an amended counterclaim the Brackelsbergs claimed damages of at least $72,621.57, and also asserted:

Defendants have completed initial discovery and determined that the earnest money paid under the contract should not be held as liquidated damages but instead be returned to Plaintiffs. Defendants have tendered the sum of $5,000.00 to Plaintiffs, knowingly foreclosed their right to liquidated damages under the contract, and elected their remedy of actual damages.

Although the Brackelsbergs tried to refund the earnest money to the Heflins, they refused to accept it. The Brackels-

bergs also filed an interpleader petition asking to deposit the money with the clerk, but the trial court denied that petition.

The parties filed cross-motions for summary judgment. On April 20, 2009, the trial court entered an order granting the Brackelsbergs' motion for summary judgment and dismissing the Heflins' case with prejudice. The trial court found that the undisputed facts showed that the Heflins failed to complete a loan application, a required term of the real estate contract, and that this was a material breach. The trial court awarded the Brackelsbergs $22,500.00 in damages resulting from the breach of the contract, which represented the difference between the amount the Heflins had agreed to pay and the later sales price (less the retained earnest money). The trial court also awarded attorney's fees to the Brackelsbergs under Ark. Code Ann. § 16–22–308 (Repl.1999), which provides that the prevailing party in a breach-of-contract action may be entitled to a reasonable attorney's fee. However, the trial court refused to award any pre or postjudgment interest.

The Heflins appealed and the Brackelsbergs cross-appealed from the order of summary judgment. In *Heflin v. Brackelsberg,* 2010 Ark. App. 261, 374 S.W.3d 755 (*Heflin I*), we affirmed in part, reversed and remanded in part, and vacated the attorney's fee award. In *Heflin I,* we affirmed the trial court's finding that the Heflins breached the contract because they failed to make a complete loan application within five days of the Brackelsbergs' acceptance as required by the contract. That obligation was not contingent on the Brackelsbergs' home appraising for a particular amount and was not contingent on the loan being tied exclusively to the property as in a typical mortgage. We noted that had the Heflins filled out a loan application, their loan officer would have learned that the Heflins had a $750,000.00 unsecured line of credit with the bank, a substantial yearly income, and a net worth of several million dollars.

However, although we concluded in *Heflin I* that the trial court correctly granted the Brackelsbergs' judgment as a matter of law on breach, we reversed and remanded for a trial on damages. The contract gave the Brackelsbergs a choice by providing, "If Buyer fails to fulfill his obligations under this Real Estate Contract ... the Earnest Money may, at the sole and exclusive option of the Seller, be retained by the Seller as liquidated damages. Alternatively, Seller may return the Earnest Money and assert all legal or equitable rights which may exist as a result of Buyer breaching this Real Estate Contract." The Heflins contended in the first appeal that the Brackelsbergs elected liquidated damages by sitting on the $5000.00 earnest money for more than a year, and that the trial court erred in awarding actual damages of $22,500.00 more. We held that reasonable minds could reach different conclusions about whether the Brackelsbergs' handling of the earnest money—not returning it when the deal collapsed and keeping it for more than a year thereafter—established an election to keep the $5000.00 as liquidated damages and move on. Because summary judgment was not proper on the issue of damages, we reversed and remanded for a trial on that issue.

Finally, in *Heflin I,* we vacated the attorney's fee award to the Brackelsbergs. In reaching this result, we reasoned:

> The prevailing party in a breach of contract action may be entitled to a reasonable attorney's fee. Ark.Code Ann. § 16–22–308 (Repl.1999). "[T]he prevailing party is determined by who comes out 'on top' at the end of the case." *Marcum v. Wengert,* 344 Ark. 153, 162, 40 S.W.3d 230, 236 (2001). Whether the Brackelsbergs or the Hef-

lins will come out on top is a decision for the end of this case. We therefore vacate the attorney's-fee award. The circuit court should exercise its informed discretion about whether to award fees, and if so, in what amount, when all is said and done in this case. 344 Ark. at 160, 40 S.W.3d at 234–35.

*Id.* at 8–9, 374 S.W.3d at 759.

Pursuant to our remand, a jury trial was held on December 16, 2010, to decide the issue of damages. The jury rendered a verdict finding that the Brackelsbergs had elected the remedy of retaining the earnest money of $5000.00 as liquidated damages. Based on that verdict, the trial court entered an order on January 6, 2011, that adjudged that the Brackelsbergs elected the remedy of retention of the earnest money, and the trial court dismissed the action on the merits.

After the trial court entered its judgment both parties filed petitions for attorney's fees and costs. Both parties claimed entitlement to attorney's fees as the prevailing party in a breach-of-contract action pursuant to Ark.Code Ann. § 16–22–308, as well as costs as the prevailing party under Ark. R. Civ. P. 54(d)(2). Initially the trial court denied both parties' motions, entering an order on February 8, 2011, that made each party responsible for their own attorney's fees and costs.

After that order was entered, the Brackelsbergs filed a motion for reconsideration of the attorney's fees issue. In their motion, the Brackelsbergs directed the trial court to the following provision in the parties' real estate contract:

28. ATTORNEY'S FEES: Should Buyer or Seller initiate any type of administrative proceeding, arbitration, mediation or litigation against the other (or against an agent for the initiating party or agent for the non-initiating party), it is agreed by Buyer and Seller (aforementioned agents being third-party beneficiaries of the Paragraph 28) that all prevailing parties shall be entitled to an award of their respective attorney's fees and costs incurred in defense of such initiated action against the non-prevailing party.

The Brackelsbergs argued that because they were the prevailing party in the litigation they were entitled to attorney's fees against the non-prevailing party, the Heflins, pursuant to the above provision.

On March 11, 2011, the trial court entered an "order on defendant's motion for reconsideration." That order awarded attorney's fees and costs to the Heflins. The order recites, in pertinent part:

10. The Court finds that the contract entered into by the parties requires that the prevailing party's attorney's fees be paid by the non-prevailing party. Furthermore, the Court has the authority under Ark.Code Ann. § 16–22–308 to use its discretion to award attorney's fees to a prevailing party in a breach of contract case.

11. This Court finds that the Plaintiffs were ultimately the prevailing party in this case. Much of the litigation in this case occurred after the Plaintiffs were found in breach of the contract. While this case initially began as a claim by the Plaintiffs for the return of their $5,000 in earnest money, the Defendants filed a counterclaim seeking over $60,000 in damages, and the Plaintiffs alternatively requested that the Defendants were only entitled to the $5,000 in earnest money. The jury was charged with deciding whether actual damages ($27,-500) or liquidated damages ($5,000) were an appropriate remedy for the Defendants. In other words, the best verdict the Plaintiffs could receive was a finding that the Defendants were entitled to the $5,000 in earnest money while the best verdict that the Defendants could have

received would have been to award them their actual damages in the amount of $27,500. Ultimately, the decision of the jury rendered a judgment in the Plaintiffs' favor and found that the Defendants were only entitled to $5,000 in earnest money. Per the *Gill* case, the prevailing party is the party that receives judgment in their favor which in this case was the Plaintiffs.

12. The Plaintiffs' counsel provided affidavits that the Plaintiffs incurred attorney's fees in the amount of $21,626.50 and costs in the amount of $1,774.36.

13. Pursuant to the parties' contract and Ark.Code Ann. § 16–22–308, the Plaintiffs are entitled to $21,626.50 in attorney's fees and $1,774.36 in costs.

The Brackelsbergs now appeal from the March 11, 2011, order awarding the Heflins attorney's fees and costs. The Brackelsbergs maintain that they, and not the Heflins, were the "prevailing party" for purposes of awarding attorney's fees pursuant to Ark.Code Ann. § 16–22–308 as well as the terms of the parties' real estate contract. The Brackelsbergs further assert that because they were the prevailing party they should have been awarded their costs under Rule 54(d). We agree that the trial court abused its discretion in finding the Heflins to be the prevailing party and thus erred in awarding the Heflins attorney's fees and costs.

In *Gill v. Transcriptions, Inc.,* 319 Ark. 485, 892 S.W.2d 258 (1995), the supreme court discussed the issue of "prevailing party" for purposes of awarding attorney's fees and quoted *ERC Mortgage Group, Inc. v. Luper,* 32 Ark.App. 19, 795 S.W.2d 362 (1990), adopting the court of appeals' reasoning on the issue. The *Gill* court stated:

In *Luper,* the Court of Appeals held that the plaintiff was the prevailing party under the statute, although six of the seven counts in his complaint were dismissed at the close of his case-in-chief. The court quoted with approval from a Missouri case:

[t]here can be but one prevailing party in an action at law for the recovery of a money judgment. It transpires frequently that in the verdict each party wins on some of the issues and as to such issues he prevails, but the party in whose favor the verdict compels a judgment is the prevailing party. Each side may score but the one with the most points at the end of the contest is the winner, and ... is entitled to recover his costs.

32 Ark.App. at 19, 795 S.W.2d at 364, 365, *quoting Ozias v. Haley* [141 Mo. App. 637], 125 S.W. 556, 557 (Mo.App. 1910).

*Gill,* 319 Ark. at 489–90, 892 S.W.2d at 261. To be the prevailing party, the litigant must be granted some relief on the merits of his claim. *BKD, LLP v. Yates,* 367 Ark. 391, 240 S.W.3d 588 (2006). However, our supreme court has held that an unsuccessful counterclaim does not necessarily preclude that party from being the "prevailing party." *See Perry v. Baptist Health,* 368 Ark. 114, 243 S.W.3d 310 (2006). Under Arkansas law, the prevailing party is determined by analyzing each cause of action and its subsequent outcome. *Id.* We must look to the case as a whole to determine who was the prevailing party. *See id.* In *Heflin I, supra,* we said that the prevailing party is determined by who comes out "on top" at the end of the case. The trial court's decision of which party was the prevailing party and its decision awarding attorney's fees is reviewed for an abuse of discretion. *See Gill, supra.*

In the case at bar, the trial court erred in deciding who was the "prevailing party" by limiting its analysis to the outcome of the jury trial on damages. The trial court

reasoned that because the Heflins received the best verdict they could get—that the Brackelsbergs were only entitled to $5000.00 in earnest money—at the jury trial, the Heflins prevailed in the case. This was wrong. The trial court should have instead looked at the case as a whole.

 Looking at the case as a whole, this litigation was initiated when the Heflins filed a complaint to recover the $5000.00 in earnest money. The Heflins ultimately lost on that claim pursuant to a summary-judgment order, affirmed in part by this court, which determined that the Heflins breached the real estate contract as a matter of law. The Brackelsbergs' counterclaim sought actual damages far in excess of the earnest money as a result of the Heflins' breach, but this counterclaim was ultimately dismissed based on the jury's finding on remand that the Brackelsbergs elected to retain the earnest money as liquidated damages under the terms of the contract. The fact that a party does not recover all the damages it sought is not determinative of whether that party prevailed at trial. *Marcum v. Wengert,* 344 Ark. 153, 40 S.W.3d 230 (2001).

Under the particular circumstances presented in this case, we hold that neither party was the "prevailing party" for purposes of awarding attorney's fees under Ark.Code Ann. § 16–22–308 or the terms of the parties' real estate contract. The same holds true for the issue of costs under Rule 54(d)(2). The Heflins did not prevail on their complaint because they were unsuccessful in recovering the earnest money. The Brackelsbergs did not prevail on their counterclaim because, against their express prayer for actual damages from the Heflins, they were not awarded a money judgment. In other words, both parties sought a money judgment against the other, but neither prevailed in that effort. After all was said and done in this case, the sum result was exactly the same as if no action and counterclaim had been brought at all. Because neither party scored more points than the other or came out "on top" at the end of the case, an award of attorney's fees or costs to either party would amount to an abuse of discretion. Pursuant to our holding, we reverse and dismiss the trial court's award of attorney's fees and costs to the Heflins, thereby leaving each party to bear their own fees and costs expended in this litigation.

Reversed and dismissed.

WYNNE and GLOVER, JJ., agree.