

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV–16–580

| | |
|---|---|
| AMERICAN EXPRESS BANK, FSB<br><br>APPELLANT<br><br>V.<br><br>DAVID DAVENPORT AND<br>MODAWG CYCLES, INC.<br><br>APPELLEES | **Opinion Delivered** February 22, 2017<br><br>APPEAL FROM THE SALINE<br>COUNTY CIRCUIT COURT<br>[NO. 63CV–11–284]<br><br>HONORABLE GARY ARNOLD,<br>JUDGE<br><br>AFFIRMED; MOTION TO DISMISS<br>DENIED |

## DAVID M. GLOVER, Judge

This is the second appeal in this case. This case primarily concerns the Saline County Circuit Court's award of $30,597.50 in attorney's fees to appellees David Davenport and Modawg Cycles, Inc. (Davenport), in appellant American Express's suit to recover $13,901.46 in credit-card debt. American Express filed suit against Davenport in April 2011 to recover the outstanding balance on Davenport's credit card; Davenport then filed counterclaims against American Express for conversion, outrage, defamation, abuse of process, negligence, and violations of the Arkansas Deceptive Trade Practices Act, seeking $75,000 in compensatory damages, punitive damages in excess of $75,000, and damages for conversion in the amount of $18,478.21.[1] Davenport also filed a third-party complaint against Cathy Heathscott, his employee, alleging she obtained the credit card without his permission and

---

[1]The claims actually tried from Davenport's counterclaim were the claims for conversion, outrage, and abuse of process.

made unauthorized charges on it; Davenport asserted claims for conversion, outrage, and fraud against Heathscott, which she denied.

A bench trial was held in January 2014. On August 27, 2014, the trial court entered what was designated as the "Final Order." Neither American Express nor Davenport were awarded any damages on their respective claims. Davenport then filed a motion for attorney's fees in the amount of $37,597.50, as well as costs; the circuit court entered an order on February 12, 2015, finding Davenport was the prevailing party and awarding him $30,597.50 in attorney's fees, plus costs. American Express filed a timely notice of appeal from the attorney's fee award on March 4, 2015. In that appeal, American Express contended the trial court abused its discretion in determining Davenport was the prevailing party and was thus entitled to an award of attorney's fees. The first appeal was dismissed without prejudice because it appeared on the record before us that Davenport's third-party complaint against Heathscott had not been disposed of by written order, thus making the order awarding attorney's fees that American Express appealed from not final and appealable, depriving this court of jurisdiction to hear the appeal. *See American Express Bank, FSB v. Davenport*, 2015 Ark. App. 705.

American Express returned to the Saline County Circuit Court to obtain an order dismissing the third-party complaint; the trial court declined to do so in an order filed on March 15, 2016, finding it had signed and filed an order of dismissal on August 23, 2013, dismissing all claims involving Cathy Heathscott in two cases—the present case on appeal and a separate case between Davenport and Heathscott to which American Express was not a

2

party. The order noted that, as explained in an affidavit from the Saline County Circuit Clerk (which was filed in the case file on December 22, 2015, with the order of dismissal from August 23, 2013, attached), the order of dismissal had been placed only in the file of the other case, not the present case. In its order refusing to sign a second order of dismissal, the circuit court noted that a copy of the first order of dismissal had been placed in the file of the present case, thus making it unnecessary to file an additional, duplicative order of dismissal. American Express timely filed a notice of appeal on April 4, 2016, appealing from both the order denying entry of the second dismissal order as well as the order granting attorney's fees to Davenport entered on February 12, 2015.

Davenport filed a motion to dismiss an untimely second appeal with this court. In it, he argues that American Express's right to appeal from the February 12, 2015 order granting him an award of attorney's fees became ripe when the order dismissing the Heathscott claim was filed in the case file on December 22, 2015, and American Express's notice of appeal was not filed until April 4, 2016, which was not within thirty days; therefore, there was no timely appeal from the order granting attorney's fees filed on February 12, 2015.

We deny Davenport's motion to dismiss American Express's appeal from the award of attorney's fees. Administrative Order Number 2(b)(2) of the Administrative Orders of the Supreme Court, addressing judgments and orders, provides:

> The clerk shall denote the date and time that a judgment, decree or order is filed by stamping or otherwise marking it with the date and time and the word "filed." *A judgment, decree or order is entered when so stamped or marked by the clerk, irrespective of when it is recorded in the judgment record book.*

SLIP OPINION

(Emphasis added.) Here, the order dismissing Cathy Heathscott from both the present case and the related case (both case numbers were contained in the order) was stamped "filed" on August 23, 2013. Accordingly, the dismissal order was entered on that date. The problem in the first appeal was that the order dismissing Heathscott was not yet placed in the present case's file. The absence of this order in the record in the first appeal made it appear that, although American Express timely appealed the award of attorney's fees, the third-party complaint was still outstanding, and therefore there was no final, appealable order.

We now are aware there had in fact been an order dismissing Heathscott from the case filed on August 23, 2013, and that order has been placed in the record. Because the order of dismissal was entered when it was stamped on August 23, 2013, and American Express filed a timely appeal from the award of attorney's fees, we have jurisdiction to hear the appeal. Therefore, Davenport's motion to dismiss the second appeal as untimely is denied.

*Refusal to Enter Second Order of Dismissal*

American Express's first point on appeal is that the trial court erred in refusing to enter another order to dispose of the third-party claims Davenport had asserted against Cathy Heathscott in the present case. In light of the denial of Davenport's motion to dismiss American Express's appeal of the award of attorney's fees to Davenport and our determination that this court has jurisdiction to hear American Express's appeal, we hold that it is unnecessary to address this argument.

4



*Award of Attorney's Fees*

American Express also argues on appeal that the trial court erred in awarding Davenport attorney's fees because he was not the prevailing party. Under Arkansas law, the "prevailing party" is the one who comes out "on top" at the end of the case. *Perry v. Baptist Health*, 368 Ark. 114, 243 S.W.3d 310 (2007). American Express argues that while Davenport successfully defended against its $13,000 complaint, it also successfully defended against Davenport's causes of action asserting more than $168,000 in damages alleged in his counterclaim.

Attorney's fees are not allowed except when expressly provided by statute. *Patton Hospitality Mgmt. LLC v. Bella Vista Vill. Coopershares Owners Ass'n, Inc.*, 2016 Ark. App. 281, 493 S.W.3d 798. Arkansas Code Annotated section 16-22-308 (Repl. 1999) provides:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

This section has been held to authorize an award of attorney's fees to a party who successfully defends against a contract action. *C&W Asset Acquisition, LLC v. Whittington*, 90 Ark. App. 213, 205 S.W.3d (2005). Attorney's fees are not recoverable for actions based in tort or for actions seeking injunctive relief. *Patton Hospitality*, *supra*. However, where multiple claims are advanced—including a breach-of-contract claim—an attorney's fee-award is proper when the action is primarily based on contract. *Id.*

A trial court is not required to award attorney's fees; because of the trial court's

5

intimate acquaintance with the trial and the quality of services rendered by the prevailing

party's counsel, the appellate courts usually recognize the superior position of the trial court

in determining whether to award attorney's fees. *Perry*, *supra*.  A trial court's decision to award

attorney's fees and the amount to be awarded are discretionary, and appellate courts will

reverse those determinations only on a demonstration that the trial court abused its discretion.

*Id*.

In awarding attorney's fees to Davenport, the trial court stated:

> I remember this case well. Initially, and on its face in the initial complaint, it would appear to be a simple debt case. It was the other end of the spectrum when it comes to a contract case, at least from this Court's experience. It was unusual, unique, it was a difficult decision. But for an excellently pled and prepared defense, the Defendant would have easily and unjustly been required to pay nearly $14,000 to the Plaintiff. And, frankly, I think in most cases that's what happens, similar to this. The resources available to the plaintiff versus those of the defendant are usually such that there's not a chance. In the absence of, as I say, an extremely well prepared and tried defense, coupled with the counterclaim, it would have been an unjust result. The counterclaim is an integral part, was an integral part of the defense of the Plaintiff's complaint intertwined to the point that to clearly separate the time spent for pursuing the counterclaim versus what was spent for defending the complaint is almost impossible.  It's nevertheless, I think a factor that ought to be considered.

Here, Davenport successfully defended against American Express's breach-of-contract

claim, with no judgment being entered against him on that claim. Because of his successful

defense against the contract claim, Davenport could receive an award of attorney's fees under

Arkansas Code Annotated section 16-22-308. All of Davenport's claims—conversion, outrage,

and abuse of process—are torts for which attorney's fees are not recoverable. However, the

trial court's comments from the bench, stated above, clearly reflect that the court considered

Davenport's counterclaim to be an "integral part" of his defense against American Express's

breach-of-contract action. Because Davenport successfully defended against American Express's breach-of-contract action, and at the end of the case came out "on-top," the trial court did not abuse its discretion in awarding Davenport $30,597.50 in attorney's fees.

Affirmed; motion to dismiss denied.

GRUBER, C.J., and KLAPPENBACH, J., agree.

*Hood & Stacy, P.A.*, by: *Nicholas R. Hood* and *Rickard W. Hood*, for appellant.

*Chaney Law Firm, P.A.*, by: *Don P. Chaney* and *S. Taylor Chaney*, for appellee.