Cite as 2023 Ark. App. 388

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CV-21-40

| | |
|---|---|
| THEOPHILUS C. KING, INDIVIDUALLY AND IN HIS CAPACITY AS THE TRUSTEE OF THE LOIS BARNES PERKINS REVOCABLE TRUST<br><br>APPELLANT<br><br>V.<br><br>WHIT BARTON, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF LOIS BARNES PERKINS, DECEASED; TROY BROWN; CHERRYALE BURGE; AND DWAINE RILEY<br><br>APPELLEES | Opinion Delivered September 20, 2023<br><br>APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT<br><br>[NO. 02CV-19-42]<br><br>HONORABLE SAM POPE, JUDGE<br><br>AFFIRMED |

**BART F. VIRDEN, Judge**

Theophilus King appeals the Ashley County Circuit Court's award of attorney's fees

in the separately appealed underlying trust-administration case, *Barton v. King*, 2023 Ark.

App. 380, ___ S.W.3d ___.[1] We affirm.

---

[1]King filed with this court a motion to consolidate the appellate records, which this court initially denied; however, it is necessary to refer to the record in the underlying appeal, *Barton v. King*, 2023 Ark. App. 380, ___ S.W.3d ___, to decide the instant case. Recently, we have stated that we may sua sponte consolidate the records when appropriate. *See* Ark. R. App. P.-Civ. 3(c) (2022) (allowing this court to consolidate appeals upon our own motion); *Vereen v. Vereen*, 2023 Ark. App. 317, 669 S.W.3d 903.

I. *Relevant Facts*

On July 24, 2020, after the conclusion of the bench trial regarding the underlying case, appellants Barton, Brown, Burge, and Riley (Barton) filed a motion for attorney's fees and costs. Barton asserted that "prior to the initiation of the litigation, the Plaintiffs executed a contingent fee contract" providing the following:

> a. The Attorneys shall be entitled to a fee equal to thirty-three and one third percent (33.33 %) of the total value of all real and personal property recovered on behalf of the Lois Barnes Perkins Estate or the clients, including all compensatory and punitive damages recovered from King.

> b. At the conclusion of the litigation against King, all real property and any tangible personal property shall immediately be liquidated by the Administrator or the Clients, and the funds shall be deposited in the Lois Barnes Perkins Estate account with all liquid funds recovered from King, from which the Attorneys shall be paid one-third of those funds in addition to reimbursement for all expenses they may advance during the litigation.

> c. If the Attorneys fail to recover any assets on behalf of the Estate or the Clients, they shall not be entitled to a fee for their services, but they shall be reimbursed for all expenses advanced during the litigation from the Estate. However, if there are not sufficient funds in the Estate, then by the Clients.

Barton asserted that because the circuit court found that King's reticence was the cause of the extensive litigation, the court was within its discretion to award attorney's fees based on principles of equity using the factors outlined in *Chrisco v. Sun Industries, Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990), and the terms of contingency-fee contract. Barton contended that the successful removal of Barton as the trustee "inured to the benefit of all

beneficiaries" of the trust. The value of the trust was $244,800.40, and Barton requested 33.33 percent—$81,518.40—in fees and $3,489.03 in expenses.

On August 21, King filed his motion for fees and costs and a separate response to Barton's motion. King's motion for fees and costs was denied pursuant to Arkansas Rule of Civil Procedure 54(e) because he did not timely file his motion.[2] In his response to Barton's motion, King asserted that Barton did not prevail on any of the issues presented in the case except for the court's determination that King breached his fiduciary duty because he failed to provide copies of the trust documents to the beneficiaries, and no damages were awarded. King asserted that Barton's contingency contract for attorney's fees pertained only to any additional funds gained pursuant to the litigation. There were none; thus, Barton was not entitled to attorney's fees. King characterized his removal as trustee as "injunctive relief" and asserted that his removal "does not merit the granting of attorney's fees without any award of actual damages." King explained that, although his actions gave rise to the breach-of-fiduciary-duty issue, the crux of the case was whether Lois Perkins had testamentary capacity and was not unduly influenced by King, and "the length of litigation, the depositions, the number of witnesses and documents were concerned with this issue." King argued that he prevailed on the larger issues in the litigation; therefore, the plaintiffs were not entitled to attorney's fees based on equity. Moreover, King asserted, Barton had not provided itemized documentation of the hours worked.

---

[2]King does not appeal the court's decision to deny his motion.

In their brief in support of attorney's fees, Barton reiterated that Ark. Code Ann. §

28-73-1004 (Repl. 2012) allows an award of attorney's fees and costs "as justice and equity

may require," and King's removal as trustee was a significant issue and a substantial

contribution to the estate. King's refusal to cooperate extended the litigation, and the fees

requested are reasonable. Barton asserted that

> the court is keenly aware of the experience and abilities of the Plaintiffs' attorneys, the time and effort required to pursue litigation like this properly, the fees typically charged in this type of litigation and the likelihood that undertaking this type of litigation will undoubtedly take a lot of time and prevent an attorney from taking other cases. Indeed, the Defendant doesn't particularly take issue with these factors. The Defendant does take issue with the fact that Plaintiffs' counsel executed a contingent fee contract with the clients as a basis for denying a fee award. But, the type of attorney fee contract is only one factor for the Court to consider. It is not outcome determinative.

The circuit court entered the preliminary findings and order regarding attorney's fees

on December 3, 2020. In pertinent part, the circuit court found the following:

5. The controlling issues decided by the Court's judgment filed July 22, 2020, were:

   a. The issue of undue influence and testamentary capacity of Lois Barnes Perkins at the time she signed a trust document at issue in this case on April 13, 2018; and

   b. Whether Theophilus C. King, the defendant had seriously breached his duties as a trustee of the trust at issue requiring he be removed from that position.

6. On the issue of influence and capacity the Defendant King prevailed. On the issue of removal of King as trustee, the Plaintiffs prevailed.

. . . .

4

8. Plaintiffs' motion is based on a contingent fee contract. As Plaintiffs did not prevail on the theory which would have provided a large monetary recovery, plaintiffs are not entitled to recover attorney's fees on that theory. Plaintiffs prevailed on removal of the trustee and are entitled to recover attorney's fees on the work they performed on that aspect of the case only on a quantum merit theory. *Taylor v. Woods*, 102 Ark App. 92 (2008).

After accepting briefs on the issue. Barton included an affidavit and documentation claiming $40,277.50 in fees and expenses pursuant to the circuit court's preliminary order. The circuit court entered the order granting attorney's fees to Barton. In pertinent part, the circuit court found the following:

5. . . . The Court finds that about 50% of the pleadings were related to the recovery, rather than the removal issue. Considering the Court's analysis herein, the Court will reduce the time claims for those items as follows:

a. Pleadings - 50% allowed.

b. Final Hearing - 50% allowed.

6. Based on the finding in 5, the Court will reduce the claimed fee amounts in the affidavit, particularly exhibit A thereto as follows:

a. 4-16-19 Complaint Preparation, reduced to .5 hours - $375 allowed.

b. 6-27-19 Complaint Preparation, reduced to .375 hours -$112.50 allowed.

c. 11-19 & 20-19, reduced by 50%- $2000 allowed.

d. Post-trial Brief, 11-26-19, reduced by 50% - $1000 allowed.

7. The overall reduction fixes reasonable and necessary attorney's fees at $36,590.00 and costs at $2,495.82, for a total assessed for fees and costs of $39,085.82. The Court finds this amount is due to plaintiffs' counsel on a quantum merit basis, and orders judgment entered in that amount in their favor.

King appealed the award of attorney's fees to this court.

5

II. *Discussion*

A. Standard of Review

We review the circuit court's decision to award attorney's fees and the amount of the award for an abuse of discretion. *In re Hamilton Living Tr.*, 2015 Ark. 367, 471 S.W.3d 203. Abuse of discretion is a high threshold that does not simply require error in the circuit court's decision but requires that the court act improvidently, thoughtlessly, or without due consideration. *Bailey v. Delta Tr. & Bank*, 359 Ark. 424, 198 S.W.3d 506 (2004).

B. Issues on Appeal

1. *The prevailing party*

For his first point on appeal, King asserts that he was the prevailing party on all but one issue. King contends that attorney's fees are discretionary but that "before that discretionary decision comes into play, there must be a threshold determination of the 'prevailing party.'" His argument is not well taken.

We have held that Ark. Code Ann. § 16-22-308 (Repl. 1999) and its requirement that to be awarded fees, one must be the "prevailing party" is inapplicable in actions involving trusts. *Reed v. Smith*, 2018 Ark. App. 313, 551 S.W.3d 407; *Liberty Bank of Ark. v. Byrd*, 2016 Ark. App. 86, 482 S.W.3d 746; *Clark v. Summers*, 2021 Ark. App. 109, at 13, 619 S.W.3d 886, 895. Because the instant case involves the administration of a trust, the matter of who ultimately prevailed in the suit is immaterial to the determination of the award of attorney's fees. Arkansas Code Annotated § 28-73-1004 allows the court to award reasonable attorney's fees "[i]n a judicial proceeding involving the administration of a trust . . . as justice and equity

may require"; thus, the circuit court was within its discretion to award attorney's fees. *Hanners v. Giant Oil Co. of Ark.*, 373 Ark. 418, 284 S.W.3d 468 (2008).

*2. The amount of the attorney's fees awarded*

King also contends that the circuit court abused its discretion in determining the amount of the fees awarded by considering only one of the eight factors for awarding attorney's fees set forth in *Chrisco*, 304 Ark. 227, 800 S.W.2d 717.

Our standard of review regarding an award of attorney's fees is a high bar. Even error alone is not enough to reverse an award, and reversal "requires that the court act improvidently, thoughtlessly, or without due consideration." *Bailey*, 359 Ark. at 441, 198 S.W.3d at 519. There is no fixed formula for determining what constitutes a reasonable amount for attorney's fees. *See, e.g.*, *Phi Kappa Tau Hous. Corp. v. Wengert*, 350 Ark. 335, 86 S.W.3d 856 (2002); *Chrisco, supra.* However, a court should be guided in that determination by the following long-recognized factors: (1) the experience and ability of the attorney; (2) the time and labor required to perform the service properly; (3) the amount in controversy and the result obtained in the case; (4) the novelty and difficulty of the issues involved; (5) the fee customarily charged for similar services in the local area; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client in the circumstances; and (8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney. *Phi Kappa Tau Hous. Corp., supra.* Due to the circuit court's intimate acquaintance with the record and the quality of service rendered,

7

we recognize the superior perspective of the circuit court in assessing the applicable factors. *Id.*

We disagree with King's contention that the circuit court clearly erred in awarding attorney's fees to Barton and in determining the amount of those fees.

As stated above, reversal of an award of attorney's fees requires not only error but also lack of discretion. In *In re Hamilton Living Trust*, *supra*, our supreme court held that

> Cossey's petition for attorney's fees was well supported by invoices and affidavits. There is nothing to indicate that the court failed to take these into account or that it made the award without due consideration. Thus, the court's fee award was not an abuse of discretion.

Here, as in *Hamilton*, the circuit court considered briefing, affidavits, and billing records to determine which fees were attributable to work performed regarding King's removal as trustee. The circuit court found that half the pleadings and half the time spent at the final hearing related to King's removal. The court calculated that Barton could claim half the work hours performed regarding pleadings and the final hearing, specifically noting reductions in time claimed by Barton for various pleadings. The court awarded $39,085.82 in attorney's fees and costs on a quantum meruit basis. The circuit court made detailed findings regarding the amount of fees and how the amount was calculated. There is nothing to indicate that the court granted the award of attorney's fees and costs improvidently, thoughtlessly, and without due consideration; thus, the court's fee award was not an abuse of discretion. We affirm.

Affirmed.

8

KLAPPENBACH and WOOD, JJ., agree.

*The Ogles Law Firm, P.A.*, by: *John Ogles*, for appellant.

*Appellate Solutions, PLLC*, d/b/a *Riordan Law Firm*, by: *Deborah Truby Riordan*, for appellees.