Cite as 2025 Ark. App. 455

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CV-24-491

| | |
|---|---|
| DARK KNIGHT VENDING, LLC<br>APPELLANT | Opinion Delivered October 1, 2025 |
| | APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT,<br>TWELFTH DIVISION |
| V. | [NO. 60CV-19-7385] |
| LUCKILY DICED AMUSEMENT, INC.,<br>F/K/A HOT SPOT AMUSEMENT, INC.;<br>FEEZE KUTZ BARBER SHOP; AND<br>FELICIA ALLEN | HONORABLE CARA CONNORS,<br>JUDGE |
| APPELLEES | AFFIRMED |

### ROBERT J. GLADWIN, Judge

Appellant Dark Knight Vending, LLC ("Dark Knight"), appeals from the April 15, 2024 order awarding $6,555 in attorney's fees to appellee Felicia Allen ("Allen") d/b/a Feeze Kutz Barber Shop ("Feeze") after a final judgment was entered on February 12, 2024. Dark Knight argues that the circuit court abused its discretion in awarding an attorney's fees to Allen because (1) there was no prevailing party in this matter, and (2) the fee amount was unreasonable. We affirm.

### I. *Facts and Procedural History*

Dark Knight is in the business of leasing amusement-style gaming machines to businesses. Kharum Maqsood a/k/a Tony Mack ("Maqsood") is the CEO of Dark Knight. In April or May 2019, Maqsood and Allen agreed that Allen would place Dark Knight's

gaming machines in her business premises, Feeze, which is a sole proprietorship. Although the parties contest whether Allen signed a contract related to this agreement, the record contains (1) an "Amusement Machine Placement Agreement" dated May 27, 2019, that appears to have been signed by Mack on behalf of Dark Knight and by Allen as an Arkansas sole proprietor; (2) a "Guaranty of Performance of Amusement Device Placement Agreement" signed by Mack and Allen; and (3) a "Memorandum of Amusement Machine Placement Agreement" dated May 27, 2019, signed by Mack and Allen. Subsequently, in or about September 2019, Allen allowed separate appellee Luckily Diced Amusement, Inc. ("Luckily Diced"), formally known as Hot Spot Amusement, Inc. ("Hot Spot"), to also place its amusement machines in her business premises.

On October 17, 2019, Dark Knight filed suit for tortious interference with a contract and business expectancy against defendant Hot Spot for breach of contract against Feeze and Allen and for breach of guaranty against Allen. Dark Knight's complaint against Allen sought $100,371.69 in damages for breach of contract and breach of guaranty, claiming that their alleged contract was exclusive.

On November 15, 2019, Hot Spot filed an answer and counterclaim against Dark Knight for abuse of process, and the same day, Feeze and Allen filed a similar answer and counterclaim against Dark Knight.

Dark Knight's complaint was amended on November 13, 2020, to also name Luckily Diced. In its amended complaint, Dark Knight brought one count of breach of contract against Feeze and Allen, one count of breach of guaranty against Allen, and one count of

tortious interference with a contract and business expectancy against Luckily Diced. Dark Knight subsequently abandoned is breach-of-guaranty claim and submitted proposed jury instructions only on its breach-of-contract and tortious-interference-with-a-contract and business-expectancy claims.

This case was tried before a jury on February 5–6, 2024. At the conclusion of the evidence, the parties moved for directed verdict on all outstanding counts. The circuit court granted Dark Knight's motion for directed verdict on Luckily Diced's counterclaim for abuse of process and on Allen's counterclaim for abuse of process. Further, the circuit court granted Luckily Diced's motion for directed verdict on Dark Knight's claim for tortious interference with a contract and business expectancy. The matter went to the jury solely on Dark Knight's remaining count of breach of contract against Allen, and the jury rendered a verdict in Allen's favor. The judgment was entered on February 12.

Allen's attorney, Stephen Niswanger, filed a motion for attorney's fees on February 15 alleging that Allen incurred $12,779 in attorney's fees in this matter. The motion was supported by an affidavit from Niswanger that included an exhibit of time entries and invoices for his fees. On February 22, Dark Knight filed a timely response to Allen's motion for attorney's fees.

On April 15, the circuit court entered an order awarding Allen attorney's fees in the amount of $6,555. On May 8, Dark Knight filed a timely notice of appeal specifically as to the April 15 order that awarded attorney's fees.

II. *Standard of Review and Applicable Law*

3

The prevailing party in a breach-of-contract action may recover reasonable attorney's fees. Ark. Code Ann. § 16-22-208 (Supp. 2023). The decision to award attorney's fees and the amount to award are discretionary determinations that will be reversed only if the appellant can demonstrate an abuse of discretion. *See Marcum v. Wengert*, 344 Ark. 153, 160, 40 S.W.3d 230, 235 (2001). Our standard of review regarding an award of attorney's fees presents a high bar. *King v. Barton*, 2023 Ark. App. 388, at 7, 675 S.W.3d 458, 463. Even error alone is not enough to reverse an award, and reversal "requires that the court act improvidently, thoughtlessly, or without due consideration." *Id.* at 6, 675 S.W.3d at 462 (quoting *Bailey v. Delta Tr. & Bank*, 359 Ark. 424, 441, 198 S.W.3d 506, 519 (2004)). There is no fixed formula for determining what constitutes a reasonable amount for attorney's fees. *Id.*

However, a court should be guided in that determination by the following long-recognized factors: (1) the experience and ability of the attorney; (2) the time and labor required to perform the service properly; (3) the amount in controversy and the result obtained in the case; (4) the novelty and difficulty of the issues involved; (5) the fee customarily charged for similar services in the local area; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client in the circumstances; and (8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney. *Id.* at 7, 675 S.W.3d at 463. Due to the circuit court's intimate acquaintance with the record and the quality of service rendered, we

recognize its superior perspective in assessing the applicable factors. *Id.* at 7–8, 675 S.W.3d at 463.

## III. *Discussion*

### A. Prevailing Party

Dark Knight first argues that the circuit court abused its discretion in awarding attorney's fees to Allen because there was no prevailing party in this action. To be considered a prevailing party, the litigant must be granted some relief on the merits of its claim. *See Unruh v. Five Star Painting Servs., LLC*, 2024 Ark. App. 152, at 8, 685 S.W.3d 314, 319 (citing *BKD, LLP v. Yates*, 367 Ark. 391, 394, 240 S.W.3d 588, 591 (2006)). A prevailing party is determined by who comes out "on top" at the end of the case. *Am. Express Bank, FSB v. Davenport*, 2017 Ark. App. 105, at 5, 513 S.W.3d 880, 883. Quoting *Brackelsberg v. Heflin*, Dark Knight asserts that there can be no prevailing party in a case when, "[a]fter[] all was said and done . . ., the sum result was exactly the same as if no action and counterclaim had been brought at all." 2011 Ark. App. 678, at 9, 386 S.W.3d 636, 641 (holding that neither party was the "prevailing party" because both parties sought a money judgment against the other but neither prevailed in that effort). "[T]he prevailing party is determined by analyzing each cause of action and its subsequent outcome. In essence, we must look at the case as a whole to determine whether there was a prevailing party and who is that party." *Yates*, 376 Ark. at 394, 240 S.W.3d at 591 (internal citations omitted).

Dark Knight argues that here, as in *Brackelsberg*, none of the parties received any relief on the merits of their claims. Dark Knight brought one claim of tortious interference with a

5

contract and business expectancy against Luckily Diced, one breach-of-contract claim against Feeze and Allen, and a breach-of-guaranty claim against Allen. Each defendant brought a counterclaim against Dark Knight for abuse of process. All parties were unsuccessful in their respective claims. The circuit court granted Dark Knight's motion for directed verdict on Luckily Diced's and Feeze and Allen's counterclaims. The circuit court granted Luckily Diced's motion for directed verdict on Dark Knight's claim of tortious interference with a contract and business expectancy. The jury ruled against Dark Knight in its remaining breach-of-contract claim. Accordingly, Dark Knight urges that the sum result was the same as if no action or counterclaim had been brought at all, and therefore, there was not a prevailing party to whom attorney's fees could have been awarded.

We disagree. Dark Knight's reliance on *Brackelsberg*, *supra*, is misplaced. Dark Knight fails to acknowledge that this court in *Brackelsberg* held that "an unsuccessful counterclaim does not necessarily preclude that party from being the 'prevailing party.'" *Brackelsberg*, 2011 Ark. App. 678, at 8, 386 S.W.3d at 640 (citing *Perry v. Baptist Health*, 368 Ark. 114, 243 S.W.3d 310 (2006)). Under Arkansas law, the prevailing party is determined by analyzing each cause of action and its subsequent outcome. *Id.* We must look to the case as a whole to determine who was the prevailing party. *Id.* The prevailing party is determined by who comes out "on top" at the end of the case. *Id.*

We hold that Allen was a prevailing party and that the circuit court did not abuse its discretion by awarding attorney's fees to her. Here, even though her counterclaim for abuse of process was dismissed, Allen was the prevailing party because the jury found in her favor

on Dark Knight's breach-of-contract claim. The counterclaim was an "integral part" of her defense against Dark Knight's breach-of-contract claim. *See Davenport*, 2017 Ark. App. 105, at 6–7, 513 S.W.3d at 884–85. Allen successfully defended against Dark Knight's breach-of-contract claim with no judgment being entered against her on that claim, and she "came out 'on-top'[.]" *Id.*

B. Reasonableness of the Award of Attorney's Fees

Dark Knight also argues that the circuit court abused its discretion in awarding attorney's fees to Allen because the amount was unreasonable and beyond the representation of the individual seeking the fees. Dark Knight cites *Harrill & Sutter, P.L.L.C. v. Kosin*, 2012 Ark. 385, 424 S.W.3d 272, in which our supreme court held that the award of attorney's fees was neither reasonable nor necessary when awarded for work providing the initial defense of the appellee. Dark Knight notes that the prevailing party in that case was initially represented by one firm but subsequently hired a different firm to handle the remainder of the matter. *Id.* Attached to the motion for attorney's fees was an affidavit with a copy of the billing from both law firms, and it was alleged that the billing showed duplicative charges from each firm and billing from the originally hired firm for work done after its representation of the client had terminated. *Id.*

Dark Knight submits that, as in *Kosin*, the amount of the attorney's fees awarded is unreasonable because the billing submitted to the court by Allen's attorney, Mr. Niswanger, includes time for work done before he represented her and includes the billing for the entirety of the case for both defendants rather than specifically the defense of the breach-of-

7

contract claim against Allen. Additionally, Dark Knight claims that Allen is requesting attorney's fees for the entire time Mr. Niswanger has worked on this case for Luckily Diced, beginning on June 12, 2020, which is before Allen retained Mr. Niswanger on July 16, 2020. Moreover, Allen's attorney has submitted billing for the entire case, despite seeking fees only for the breach-of-contract claim. This billing includes work performed on three other distinct claims rather than just the work performed on the defense of the breach-of-contract claim. Therefore, Dark Knight urges that the award of attorney's fees is unreasonable when considering the actual time and labor performed solely on Allen's defense of Dark Knight's breach-of-contract claim.

We disagree. As previously stated, our standard of review for an appeal of a fee award is whether there was an abuse of discretion. *Smith v. Orsbun*, 2024 Ark. App. 330, at 22, 692 S.W.3d 1, 18. There is no fixed formula for determining what constitutes a reasonable amount of attorney's fees, and because the circuit court has presided over and gained familiarity with the case and the extent and quality of the services rendered by the attorney, it has a superior opportunity to assess the critical factors that apply. *Id.* Pursuant to our review of the record, including Allen's well-supported fee motion in a complicated case, we note that the circuit court granted the motion and awarded $6,555, an amount equal to approximately 52 percent of the $12,779 that was requested. Because Dark Knight has failed to demonstrate a clear abuse of discretion in the attorney's-fee award, we affirm.

Affirmed.

BARRETT and BROWN, JJ., agree.

8

*AR Law Partners, PLLC*, by: *Dustin A. Duke* and *Zachary T. Sellers*, for appellant.

*Niswanger Law Firm PLC*, by: *Stephen B. Niswanger*, for appellees.